## Case No. 6,543.

### HITNER v. SUCKLEY.

[2 Wash. C. C. 465.] [1]

Circuit Court, D. Pennsylvania. April Term, 1810.

INJUNCTION TO STAY WASTE — SERVICE UPON ATTORNEY.

Rule to show cause why an injunction to stay waste should not be granted, and why service of the subpoena upon the attorney of the defendant, in a suit depending against the defendant for slandering his title to the land mentioned in the bill, should not be considered as a service on Suckley. If a judgment at law be obtained, the service of a subpoena on the attorney of the plaintiff, he being absent from the state, will be deemed good, where the subject in controversy is the same with the matter in the suit for which the judgment was rendered.

[Cited in Eckert v. Bauert, Case No. 4,266; Ward v. Seabry, Id. 17,161; Sawyer v. Gill, Id. 12,399; Segee v. Thomas, Id. 12,633; Kamm v. Stark, Id. 7,604; Crellin v. Ely, 13 Fed. 423.]

Rule to show cause why an injunction to stay waste should not be granted, and why service of the subpoena, upon the attorney of the defendant, in a suit depending against the plaintiff, for slandering his title to the lands in the bill mentioned, should not be considered as a service on Suckley. The case was, that one Broom, being indebted to Hitner, executed a mortgage to him for securing the same, on a certain tract of land the subject of this injunction. Suckley, being a creditor of Broom, obtained a judgment against him; and the same land was taken in execution, sold by the marshal, and purchased by Suckley. The bill charges, that the defendant has committed, and threatens to continue committing, waste on this land, which will be rendered insufficient to discharge the debt due to the complainant. The defendant in equity, is plaintiff at law, in the action against the complainant, for slandering the defendant's title to this land, and the question was, whether service of the subpoena on the defendant's attorney in that cause, ought to be considered as a service on the defendant? The complainant's counsel cited 1 P. Wms. 523; 1 Har. Ch. Prac. 162, 208.

BY THE COURT. If a judgment at law be obtained by one person against another, and an injunction be applied for, the court will consider a service of the subpoena upon the attorney of the plaintiff at law, to be sufficient, if his client live out of the state. But the action at law by the defendant against the complainant, for slandering his title, is totally unconnected with the subject of controversy presented by this bill; and the court cannot consider the defendant's attorney in that action, as representing him in this case. The motion for the injunction was with-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

drawn, on the counsel for the defendant promising to advise his client not to commit waste. .