## CRELLIN and others *v.* ELY and another.

(*Circuit Court, D. California.* August 21, 1882.)

1. EQUITY—RESTRAINING PROCEEDINGS AT LAW—TITLE.

In 1856, J., H. & C., as tenants in common, owned certain real estate in Oakland, California. J., in that year, contracted to sell to one Henry A. Cobb his interest in one undivided third thereof, and executed a deed supposed to contain the whole thereof, but by mistake the land in controversy was omitted in the deed. Cobb went into possession and so continued until he sold to J. F. Cobb, in 1857, when a partition of the land was had, and in such partition the land in controversy was allotted to J. F. Cobb; and Crellin and others, deriving title through him, have been in possession ever since, and have erected valuable improvements on the land. J. executed in New York a conveyance in general terms of all of his property to Ely and others, who thereupon brought an action against Crellin and others to recover the land, with damages for its wrongful detention, and the rents and profits thereof; whereupon complainants filed a bill in equity to stay the proceedings at law. *Held,* that complainants were entitled to the aid of a court of equity to restrain the proceedings at law until they could perfect their title to the property, upon filing proper bond.

2. SAME—PRACTICE—SUBSTITUTED SERVICE—NON-RESIDENT DEFENDANTS.

Where attorneys have instituted a suit at law for non-residents of the state where the suit is instituted, and a temporary injunction against such proceeding at law is allowed, a subpœna may be served upon such attorneys, and their clients will be bound thereby, although the attorneys have not been retained, except as to the proceeding at law.

Before FIELD, Justice, and SAWYER, C. J.

This is a suit in equity for relief against an action at law, commenced by the defendants against the complainants, for the possession of certain lands in the city of Oakland, in this state. Upon an affidavit of one of the complainants that their defense to the action at law arises out of matters which are purely of equitable cognizance; that the plaintiffs therein are non-residents of the state, and absent from it; and that a subpœna issued in this suit could not be served upon them by reason of such absence,—an order was issued and served upon the attorneys in the action at law to show cause why the subpœna should not be served upon them in place of the plaintiffs. Upon its return, the attorneys reply, in substance, that they have only been retained to prosecute the action at law for the recovery of the lands, and do not consider themselves authorized to appear for their clients in any other proceedings.

The complaint in the action at law is in the usual form in such cases, alleging seizin of the premises and right of possession by the plaintiffs on a day designated, and the wrongful entry of the defendants thereon, and their withholding of the same. It places the dam-

ages for such withholding at $100,000. It also asks judgment for the rents and profits of the land during the occupation of the defendants, alleging them to amount to $400,000. One of the plaintiffs is a citizen of New York; the other is a citizen of Michigan. Both of them, as stated above, are non-residents of this state, and absent from it. The defendants are either citizens of California or corporations created under its laws. They have appeared to the action and answered the complaint, denying the allegations of seizin and right of possession by the plaintiffs, and pleading, in bar of the action, the statute of limitations, and also title and seizin in themselves. But they assert that they cannot make their defense as to the seizin of the premises in themselves available, unless they obtain the relief prayed in their suit in equity; and that the statute of limitations will not bar a recovery, as the plaintiffs claim, under a patent issued within five years, upon a confirmation of a Mexican grant, which patent is deemed to create a new title as against parties not claiming under the same grant.

The complaint in this suit alleges in substance that in 1856 the premises for which the action at law is brought, with several other tracts of land, were owned by three parties, Edward Jones, John C. Hays, and John Caperton, being held by them as tenants in common; that during that year Jones contracted to sell his undivided interest for a valuable consideration to one Henry A. Cobb; that in pursuance of such contract of sale a conveyance, supposed at the time to embrace the premises in controversy, which constitute a block of land in the city of Oakland, was made to him, but by a mistake in the drafting of the deed the block, which in the contract of sale was designated by number 159, was omitted; that under the deed executed in the belief that it conformed to the contract and embraced the block, the purchaser, Henry A. Cobb, went into possession, and continued in possession with his co-tenants, Hays and Caperton, until some time in 1857, when he sold and conveyed his interest to one John Francis Cobb; that the latter went into possession under the conveyance, and afterwards made partition with his co-tenants, and in such partition the premises in controversy were allotted to him, and that he, or parties deriving title through him, including the complainants, have been in the possession thereof ever since, and have made lasting and valuable improvements thereon, claiming all the time to own the premises; that in the year 1859 the said Jones executed in the state of New York a conveyance, in general terms, of all his property to the plaintiffs in the action at law, and they claim

the premises in controversy, or some part of them, under this deed. The complainants pray that an injunction may be issued to restrain the prosecution of the action at law, and for general relief.

*Cope & Boyd* and *W. W. Crane,* for complainants.

*Flournoy & Mhoon,* for defendants.

FIELD, Justice. The case presented by the bill in equity is sufficient to justify the court in directing a stay of proceedings in the action at law until the plaintiffs therein appear to the suit, and until it is heard and determined. It is brought in aid of the defense to that action, and if the complainants are entitled to a correction of the deed executed to their grantor in 1856, or to a conveyance from the defendants, as purchasers with notice of their equity, it would be inequitable to preclude them from showing the fact and obtaining the relief prayed. In the state courts the complainants here could, as defendants in the action at law, set up in their answer their equitable defense, and obtain a decree upon it before the trial of the issue at law. *Arguello* v. *Edinger,* 10 Cal. 159; *Weber* v. *Marshall,* 19 Cal. 447. The plaintiffs in that action are allowed, by reason of their citizenship in another state, to institute their action in the circuit court of the United States, but they ought not to be permitted for that reason to deprive the defendants therein, the complainants here, of any just defense to which they are entitled under the laws of the state, although, by reason of the separate systems of law and equity in the federal courts, they are obliged to seek their relief through the more cumbersome and laborious proceeding of an independent suit.

The complainants will be allowed to serve a subpoena upon the attorneys of the plaintiffs in the action at law, and an order will be entered granting an injunction staying proceedings in that action until the hearing and determination of this suit, or the further order of the court, upon the complainants filing a bond, in the usual form in such cases, for damages, if it should be ultimately determined that they are not entitled to the relief prayed, or the suit should be dismissed—the bond to be approved in form and amount by the circuit judge.

Although the attorneys of the plaintiffs in the action at law are not specially authorized, as stated by them, to appear for the plaintiffs in any other case, their original retainer is deemed to extend to such proceedings as immediately affect the right of their clients to recover the property in controversy. The power of a court of equity to authorize substituted service in suits instituted in aid of the defense to an action at law, where the plaintiffs in such action are non-

residents and absent from the state, is well established. Says Daniell, in his Treatise on Chancery Pleadings and Practice, which is a work of approved merit:

" The jurisdiction is most frequently exerted where actions at law are brought by persons resident abroad to enforce demands which, although they have, strictly speaking, a legal right to make, it is against the principles of equity to permit it. In such cases the court will interfere by injunction, served upon the attorney employed in this country to conduct the proceedings at law, to restrain the further prosecution of such proceedings until his employer has submitted himself to the jurisdiction. In order to accomplish this purpose, it is permitted to the plaintiff in equity, in the first instance, to obtain an order directing that service of the subpœna upon the attorney employed in the cause at law shall be deemed good service." 2d Am. Ed. 518. See, also, *Burke* v. *Dickers*, 3 Bell, C. C. 23; *Stephen* v. *Cini*, 4 Ves. Jr. 359; and *Kenworthy* v. *Accunor*, 3 Mad. 550.

The same doctrine is recognized in the courts of the United States. *Hitner* v. *Suckley*, 2 Wash. C. C. 465; *Read* v. *Consequa*, Id. 174.

Order for an injunction on the bill in equity, and for the service of a subpœna on the attorneys in the action at law, granted.