[No. 4620.    Decided December 12, 1903.]

## CHARLES T. PETERSON, *Appellant,* v. PHILADELPHIA MORTGAGE & TRUST COMPANY *et al., Respondents.*[1]

EJECTMENT—DEFENSES—PLEADING—MORTGAGEE IN POSSESSION. In an action to recover possession of real estate, an answer showing that the defendant is a mortgagee in possesion with the consent of the owners of the legal title and under a written assignment of the rents for the purposes of security until arrears are paid, and that the same are not paid, and that plaintiff is a subsequent purchaser with notice, shows a rightful possession and is not demurrable.

SAME—TRIAL BY JURY—EQUITABLE DEFENSES TO LEGAL ACTION. Such an answer raises equitable defenses to be first tried by the court, and plaintiff is not entitled to a jury trial.

MORTGAGEE IN POSSESSION—CONTRACT FOR APPLICATION OF RENTS —CONSTRUCTION. Where the owners of mortgaged premises surrendered possession thereof under a written assignment of the rents to be applied (1) to the repayment of disbursements for insurance, taxes, and repairs paid or to be paid by the mortgagee, and (2) to the payment of all arrears of interest "due," the agreement is to be construed as prospective and covers the interest subsequently falling due, in view of the circumstance that the owners suffered the mortgagee to remain in possession

1Reported in 74 Pac. 585.

and apply the rents to subsequent interest for years after the agreement was made.

EJECTMENT—DEFENSES—MORTGAGEE IN POSSESSION—BONA FIDE PURCHASER—LIMITATION OF ACTIONS.  In an action by a vendee of the mortgagors to recover possession of premises from a mortgagee in possession, it is not error to refuse leave to file an amended complaint setting up the statute of limitations to the defense of the mortgage and possession thereunder, since the open possession of the mortgagee was sufficient to put the plaintiff upon inquiry as to the rights claimed and he can not claim to be a bona fide purchaser without notice.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered November 15, 1902, dismissing an action of ejectment, upon a trial before the court without a jury of equitable issues raised by the answer.  Affirmed.

*Charles T. Peterson, Thomas Carroll,* and *James F. O'Brien,* for appellant.

*B. F. Heuston,* for respondents.

PER CURIAM.—On the 8th day of March, 1901, Charles T. Peterson, appellant, filed in the superior court of Pierce county his complaint against respondents Samuel Isaacs, Charles T. Brackett, and William C. Black, alleging that he (Peterson) was, on the 23rd day of January, 1901, has been ever since, and is, the owner in fee, and entitled to the possession, of lot 6, block 1304, in the city of Tacoma, claiming damages in the sum of $175 per month for each and every month said property has been withheld from him.  Said respondents, answering this complaint, alleged that they held such premises as the tenants of the Philadelphia Mortgage & Trust Company, a corporation, and prayed for the substitution of that corporation as a party defendant, and that the action proceed as if it had been originally commenced against that corporation.  On the

13th day of April, 1901, the order of substitution was accordingly made.

Thereafter respondent Philadelphia Mortgage & Trust Company answered, and denied that appellant was entitled to the possession of said property, and denied the wrongful withholding thereof and the damages alleged in the complaint, and alleged two affirmative defenses; in the first of which it claimed the right of possession by virtue of a certain mortgage executed by former owners of the premises to such company on November 1, 1892, in connection with a certain written agreement made July 31, 1894, by Ida Geiger and her husband, Joseph Geiger, the then owners of the legal title to such premises, claiming title thereto by certain mesne conveyances from the original mortgagors, Charles Drury and Nettie Drury (husband and wife). A copy of this agreement is attached to the answer as an exhibit, and set forth in finding of fact No. 10 of the trial court, and is as follows:

"Know all men by these presents, that Ida Geiger and Joseph Geiger, her husband, both of Lake Park, Tacoma, in consideration of the sum of One Dollar paid to them by the Philadelphia Mortgage & Trust Company, of Philadelphia, Pa., do hereby assign to the said Philadelphia Mortgage & Trust Company the whole rents of their property, lots six (6) and seven (7) in block thirteen hundred and four (1304), in the city of Tacoma from and after the first day of September, 1894, said rents to be applied in the first place in repayment to the said Philadelphia Mortgage & Trust Company, of all insurance, taxes, or other disbursements paid, or to be paid, by said company on account of said property, in virtue of the powers contained in two mortgages thereon for the sum of Sixteen Thousand Dollars ($16,000) each, given by Charles Drury and wife to the said Philadelphia Mortgage & Trust Company, dated the 1st, and recorded the 15th, both days of November, 1892; and, in the second

place, in payment to the said Philadelphia Mortgage and Trust Company of all arrears of interest due upon two mortgage notes for sixteen thousand dollars each, by the said Charles Drury and wife, secured by the above mentioned mortgages: Provided that as soon as said insurance, taxes and other disbursements, and said arrears of interest have been fully paid to the said Philadelphia Mortgage & Trust Company, the said rents shall thereupon be re-assigned to the said Ida Geiger. Dated at Tacoma, the 31st day of July, 1894.

"(Signed)    Ida Geiger,<br>"Joseph Geiger."

It is further alleged, that on or about September 1, 1894, the Geigers surrendered possession of said lot 6 to the mortgage and trust company for the purpose of securing the performance of this contract on their part; that such company still holds possession of the premises in question pursuant to this agreement; that, thereafter and prior to the commencement of the present action, this company leased the premises to respondents Isaacs, Brackett, and Black. There is attached to this defense certain exhibits purporting to be schedules of (1) taxes paid, (2) insurance, (3) rents received, and (4) other disbursements for repairs, water rent, et cetera; and it is alleged that the rents received at the commencement of this action were insufficient to liquidate the accrued interest on the mortgage and items of disbursements, as per exhibits attached and made a part of the answer, under the above contract.

The second affirmative defense, designated in the pleading as "a third and separate answer," incorporates and adopts all the allegations of the preceding defense by express reference thereto, avers matters by way of estoppel, and further avers, that said company has been in the open and notorious possession of the above premises since September 1, 1894; that, if appellant has any estate or interest

therein, the same was derived through the Geigers, the parties to the above agreement, subsequent to its execution and to the surrender of possession of the property to the respondent corporation, with notice of its equities in and to such property.

The appellant interposed general demurrers to each of the separate defenses, which were overruled by the trial court. Appellant thereafter filed his reply, putting in issue the material allegations of each affirmative defense; admitting, however, that about the 31st day of July, 1894, Ida Geiger and Joseph Geiger assigned to respondent Philadelphia Mortgage & Trust Company the rents to be collected from the premises described in plaintiff's complaint, for the purpose of securing and paying respondent for certain moneys paid by respondent for insurance and taxes, and also for certain interest then due. Appellant demanded a jury trial, under the issues raised by the pleadings, which was refused by the superior court, and to which ruling appellant excepted. A trial was thereafter had to the court on the issues tendered on the two affirmative defenses and the reply. The court made numerous findings of fact, and a single conclusion of law to the effect that the respondent corporation was rightfully in possession of the premises, and entered a judgment dismissing the appellant's complaint, with costs.

The first point urged by appellant is that the trial court erred in overruling his demurrer to each of the affirmative defenses. Assuming the allegations therein to be true, we are of the opinion that each of such defenses contain sufficient facts to show that the respondent Philadelphia Mortgage & Trust Company was in the rightful possession of the premises at the time of the commencement of this action, which is the pivotal question in the case at bar, and there-

fore the court committed no error in its ruling in that behalf.

It is next contended that the court erred in denying appellant's request for a jury trial; that this right was guaranteed to him under the constitution of the state and the code of 1881, § 204.   That section reads as follows:

"An issue of law shall be tried by the court, unless referred as provided in this chapter.   An issue of fact shall be tried by a jury, unless a jury trial be waived, or a reference be ordered, as provided in this chapter.   The waiver of a jury, or agreement to refer, shall be by stipulation of the parties filed, or the oral consent of parties given in open court and entered in the records:   Provided, That nothing herein contained shall be so construed as to restrict the chancery powers of the judges, or to authorize the trial of any issue by a jury, when the complaint alleges an equitable claim, and seeks relief solely upon the ground of the equities of the demand by the pleadings in the action."

But under Section 83, subdivision 3, of that Code, it is provided that, "The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both   .   .   .   ;" plainly contemplating that an equitable defense may be set forth against a legal action, which was always to be tried without a jury.   Under the issues tendered by the two affirmative defenses in the answer and reply, we are of the opinion that they presented matters of equitable cognizance to be tried first by the court without a jury.   The appellant never having assumed the payment of the mortgage indebtedness, and not being a party to the contract between respondent company and the Geigers, the company, under the showing made, had no personal claim nor right to affirmative relief against appellant. The facts, as pleaded in the answer, fulfilled the office of a

negative resistance to appellant's right to recover the possession of the premises in question and damages for withholding the property.    Pomeroy's Code Remedies, § 91 (3d ed.).   The decisions cited by appellant from the federal courts do not apply.    In cases originally brought before those tribunals, the distinctions made between legal actions and suits in equity are still recognized and applied to civil actions.    But under the Code, equitable defenses are allowed in legal actions.   They are to be first passed upon by the court.    Until they shall have been disposed of, the assertion of the legal remedy is stayed.   *Estrada v. Murphy,* 19 Cal. 273; *Lestrade v. Barth,* id. 671; *Crellin v. Ely,* 7 Sawy. 532, 13 Fed. 420.

Coming now to a consideration of the merits of the controversy, the principal contentions of appellant are that the trial court erred in its construction of the above agreement between the Geigers and respondent company, and in finding that the former surrendered possession of the premises to the company on September 1, 1894.   From the testimony it appears that on November 1, 1892, at the city of Tacoma, Charles and Nettie Drury (husband and wife) executed to the Philadelphia Mortgage & Trust Company a promissory note for $16,000, due five years after date, with interest at six per cent per annum till maturity, payable semi-annually, according to the tenor of ten coupon notes, each for $480; No. 1 falling due May 1, 1893, and so on every six months thereafter in their order—No. 10 becoming due November 1, 1897; each of said notes bearing interest at the rate of two per cent per month after maturity.

To secure the payment of the principal and interest notes, the makers at that date executed a mortgage to respondent company on lot 6, the property described in the complaint.    There were stipulations in the mortgage

requiring the mortgagors to keep the buildings on said lot insured against loss by fire for the benefit of the mortgagee; to pay all taxes and assessments on such premises before delinquency; that in case of failure so to do the mortgagee might procure such insurance, pay said taxes and assessments, which should be added to the mortgage indebtedness with interest thereon at the rate of two per cent per month from date of payment; that the mortgagors, their successors, and assigns, should commit no waste, and keep the buildings, fences, and premises in good repair; that, in case of any default in any of the conditions of the mortgage, the mortgagee, at the expiration of five days after such default, might elect to declare the mortgage due, and recover according to the terms of the instrument. On the 12th day of November, 1892, this mortgage was recorded in the auditor's office of Pierce county.

It further appeared that, at the same time and place, the Drurys executed to respondent company their notes and mortgage on lot 7, adjoining lot 6, to secure a like principal sum, with coupon notes and same conditions as the mortgage on lot 6, which was·recorded in the auditor's office on the same day as the former instrument. Through certain mesne transfers, Ida Geiger, on December 16, 1893, became the owner of the legal title to lots 6 and 7. On July 31, 1894, Ida Geiger and her husband, Joseph Geiger, being in possession of those lots, executed the agreement referred to in the above answer and copied in finding of fact No. 10 by the trial court, and delivered possession of the premises to the mortgagee. It further appears and the court found that the rents, issues, and profits accruing from possession of the premises had not, at the time of the commencement of this action, equaled the insurance, taxes, and arrears of interest mentioned in the contract.

The court also found, that in October, 1897, this prop-

erty was set over to said Ida Geiger by decree of the superior court of Pierce county in a divorce suit against her husband, Joseph Geiger; that in January, 1901, appellant succeeded to the interest of Ida Geiger; that the rental value of said premises was $150.00 per month; that, at the date of the above agreement, the Geigers were notified by respondent company that papers had been prepared for the foreclosure of the mortgage on the premises described in the contract, which was made for the purpose of suspending such proceedings; that none of the conveyances, from the Drurys down to appellant, provide for the assumption of the mortgage on this property on the part of any of the grantees; and that the respondent company commenced an action in said court to foreclose the two mortgages on April 25, 1902.

The findings of fact and conclusions of law requested by appellant, and refused by the trial court, in the main present the questions as to the right to the possession of the property by the respondent company, and the meaning of the word "due," used in the contract, as applied to the coupon notes and interest thereon, referred to in the mortgage on lot 6. The testimony adduced at the hearing clearly warrants the conclusion that possession of the property in question was surrendered to the mortgage and trust company on September 1, 1894, and that the other respondents were its tenants at the time the action at bar was begun. Aside from the direct testimony, it is significant that the Geigers, for six years, permitted respondent company to lease the premises, collect the rents, make repairs, pay insurance and taxes, and disburse the moneys received for the rental of the property, without being called to account.

As to the meaning of the word "due" in the contract, we must construe the instrument in connection with the references made therein to the mortgages and premises. Then,

if any ambiguity should arise as to the meaning of the language used and the construction remains doubtful, the acts of the parties interested are entitled to great weight. The interest of each party generally leads him to an interpretation most favorable to himself. *Topliff v. Topliff*, 122 U. S. 121, 7 Sup. Ct. 1057, 30 L. Ed. 1110; Clark on Contracts, p. 594, and authorities cited in the foot-note. Applying the rules of law to the facts in the present controversy, we are of the opinion that this contract was prospective in its operation. It was dated July 31, 1894, was to take effect September 1 following, and possession of the premises was taken under the agreement at that date. The long acquiescence of the Geigers show that the minds of the parties to the contract met; that they expected a rest period to arrive when the rents collected would reimburse the respondent company for insurance, taxes, and other items of disbursements already paid, and for all interest upon the mortgage notes mentioned in the contract then in arrears, and not simply the interest due September 1, 1894, as contended for by appellant in his request for findings, and at the bar of this court. We therefore reach the conclusion that the rents received were insufficient to meet the above demands when this action was begun, and at the time of the trial, and that the court did not err in so finding.

The further contention is made that the superior court erred in not permitting appellant to file an amended complaint setting up the statute of limitations. After a careful examination of the record, we can find nothing upon which this contention can be predicated. Error will not be presumed. It must be made to appear affirmatively. The appellant cannot claim protection as an innocent purchaser without notice, when, at and before the time he succeeded to the interests of Ida Geiger, the respondent

company by its tenants was in the open, notorious, and actual possession of the premises for which recovery is sought in the present controversy. This was sufficient to put appellant upon inquiry. *Dennis v. Northern Pac. R. Co.,* 20 Wash. 329, 55 Pac. 210; Wade on the Law of Notice, §§ 273, 276, 286, 288; 23 Am. & Eng. Ency. Law, 498-501 (2d ed.)

No reversible error appearing in the record, the judgment of the superior court must be affirmed, and it is so ordered.