[No. 8448.    Department One.    March 4, 1910.]

HERVEY LINDLEY, *Respondent*, v. J. R. McGLAUFLIN, *Appellant*.[1]

ACCOUNT—ACTION—COMPULSORY REFERENCE — EQUITY — RIGHT TO JURY TRIAL. The rights of the parties cannot be determined except by taking an accounting, and a compulsory reference may be ordered, under Rem. & Bal. Code, § 370, and a jury trial denied, where the first cause of action alleged that defendant had been left in charge of plaintiff's business, a manufacturing plant, upon a salary, with the duty of a manager, including the keeping of accounts, for about one year, that defendant had disobeyed instructions, constructed himself a house from plaintiff's materials, misappropriated money, and overdrawn his account, for which he had made no accounting, setting forth the items in detail, aggregating $1,291.30; and the answer claimed a larger salary based upon the profits of the business alleged at $7,344, claiming a balance due him of over $1,600; and the reply denied that there were any profits in the business.

[1]Reported in 107 Pac. 355.

ACCOUNT—GROUNDS FOR—FIDUCIARY RELATIONS. In an action in-volving a long and complicated account, a compulsory reference may be ordered regardless of whether any partnership or other fiduciary relation existed between the parties.

ACCOUNT—PLEADINGS—ACTIONS—LEGAL OR EQUITABLE—DETERMI-NATION. Whether an action presents a legal or equitable cause of action, involving a long and complicated account, may be determined from all the pleadings, and does not depend upon the complaint alone.

ACTIONS—JOINDER—LEGAL AND EQUITABLE—MULTIPLICITY OF SUITS—ACCOUNT. In an action against plaintiff's manager, involving an accounting of the business for about one year, for money and prop-erty misappropriated, other legal causes of action for the conversion of certain property, and for negligence in conducting the business, are so connected with or growing out of the principal transaction as to be triable with it in equity, to avoid a multiplicity of suits.

Appeal from a judgment of the superior court for King county, Main, J., entered June 23, 1909, upon findings in favor of the plaintiff, after a trial before the court without a jury, in an action on money demands involving an ac-counting. Affirmed.

*Roberts, Battle, Hulbert & Tennant*, for appellant.
*J. T. Watson* and *Dorr & Hadley*, for respondent.

FULLERTON, J.—This is an appeal from a judgment en-tered in an action tried by the court without the intervention of a jury. The defendant contended that the action was an action at law, and demanded a trial by jury, paying into court a jury fee. The court, however, ruled that the action was one of equitable cognizance, properly triable as such, and proceeded accordingly. The correctness of this holding is the sole question presented by the appeal.

The complaint of the plaintiff contained three separate causes of action. In the first it was alleged, in brief, that the plaintiff was the lessee of a certain manufacturing plant, consisting of a planing and shingle mill, an office building, and certain other buildings, together with the land on which the plant and buildings were situated; that he entered into

an oral agreement with the defendant by which the defendant agreed to manage the plant and business of the plaintiff for a consideration and salary of $100 per month; that the defendant entered upon his duties as such and continued therein for the period of about one year, during which time he had the sole custody and charge of the business, including the keeping of the accounts of the business; that the plaintiff desired to make a trip abroad, and just prior to leaving gave the defendant positive instructions concerning the conduct of the business; that he did make such a trip, being abroad some five months; that on returning he found that the defendant had disobeyed his instructions, in that he had purchased large and excessive amounts of material, had used the plaintiff's materials to construct a house for himself and wife, had borrowed on plaintiff's account large sums of money in excess of the amounts he was authorized to borrow, had largely overdrawn his account and had credited himself with money to which he was not entitled to credit himself with, and had appropriated to his own use moneys derived from the business and belonging to the plaintiff for which he had made no accounting at all. The items charged as having been misappropriated were set forth in detail, and made a total of $1,291.30.

For a second cause of action the plaintiff alleged that the defendant, without the knowledge or consent of the lessors or the plaintiff, moved a building from the leased ground to ground not included in the lease and not owned by the lessors, and that the plaintiff was obligated to return the building to its proper place, to his damage in the sum of $200.

For a third cause of action the plaintiff alleged that, during his absence, the defendant, through gross carelessness and negligence, had left the safe in the office building unlocked, and that some person or persons unknown to the plaintiff has entered therein and had stolen and carried away moneys of the plaintiff aggregating $88.75. The prayer of

the complaint was for the recovery of these several sums with interest.

The defendant, answering the complaint, admitted the fact that he was employed as manager of the plaintiff's business, but denied practically all of the other allegations of the complaint. For a first separate answer, he alleged that he was employed at a salary of $150 per month, instead of one hundred dollars per month, as alleged by the plaintiff, and in addition thereto was to receive twenty per cent of all profits made in the business; that the business made a profit during the twelve months in which he acted as manager of $7,344; and that in salary and profits he was entitled to take from the business $3,268.80, that he had taken but $1,650, leaving a balance due him of $1,618.80.

For a second separate answer, he alleged that he owned, in his own separate right, certain personal property, of the value of $720, which was left on the plaintiff's premises at the time he was discharged, and that the plaintiff had appropriated and converted the property to his own use. He thereupon demanded judgment against the plaintiff for the sum of $2,338.80 with interest.

A reply was filed, in which it was alleged that the defendant was to receive a salary in excess of $100 per month only in case there was a profit in the business; in which case he was to receive an additional sum of $50 per month, or such portion of such additional sum as twenty per cent of the profit would pay; and that there were no profits in the business during the time the defendant acted as manager, but on the contrary there was an actual loss.

This being the status of the issues, it has seemed to us that there could be but little question as to the correctness of the court's ruling. Manifestly the right of the parties could not be determined except by taking an accounting between them, and as the transactions appeared by the pleadings to be extensive and varied, it necessarily involved a long and complicated accounting. It has long been the rule that these con-

ditions alone justified the assumption of jurisdiction by a court of equity. Indeed, in this state it is especially provided by statute (Rem. & Bal. Code, § 370) that a compulsory order of reference may be made when the trial of an issue of fact shall require the examination of a long account on either side; this, on the principle, of course, that the proceeding was formerly cognizable in chancery and not subject to trial as an action at law; and, of course, if the court may make a compulsory order of reference in such a case, it may make the accounting itself without the aid of a jury. Jurisdiction of equity in this class of cases had its rise in the inadequacy of the common law remedy. A court of law sitting with a jury is not a tribunal constituted so as to try an action involving a long account and reach an accurate result. The jury have no adequate facilities for keeping records of the several items going to make up the account, and the ordinary mind cannot keep them in memory. The result must necessarily be a verdict without adequate consideration of the matters involved, resulting oftner than otherwise in rank injustice to one party or the other.

The appellant has devoted a large space in his brief to the discussion of the question whether he and the respondent were in fact partners, apparently on the theory that this relation must be found to exist before a court of equity can exercise jurisdiction of an accounting between them, but such is not the rule. Courts of equity sometimes assume jurisdiction over an accounting between parties when a fiduciary relation exists between them when otherwise it would not, but it is nowhere held that a partnership relation must exist in order to give such jurisdiction. Where fiduciary relations exist between the parties, whether of partnership or some other manner, courts of equity have always asserted jurisdiction over an accounting between them (1 Enc. L. & P. 740); and here clearly there was such a fiduciary relation. But as we have before indicated, we do not think even a fiduciary relation necessary in all cases to give a court of equity jurisdiction.

If the action involves a long and complicated account, as it did in this instance, the court has jurisdiction to try it in that manner which will do justice between the parties, regardless of the character of the legal relationship between them.

· The appellant insists, further, that the question whether the action is of legal or equitable cognizance must be determined from the complaint alone, not from the pleadings in their entirety, and urges that the complaint in the present case shows a legal and not an equitable cause of action. But a defendant under the code may set forth by answer as many defenses as he may have, "whether they be such as have heretofore been denominated legal or equitable, or both." In other words, a purely equitable defense may be set forth to a purely legal action; and, since it may be set forth, it may be tried as an equitable action. *Peterson v. Philadelphia Mtg. & Trust Co.*, 33 Wash. 464, 74 Pac. 585. It follows from this, we think, that the nature of the trial is determined from the entire pleadings, rather than from the complaint alone.

The second and third cause of action in the complaint, and the second separate defense in the answer, presented of course purely legal questions. But they were matters growing out of the principal transaction or connected with it in such a way as to be triable with the equitable branch of the case in order to avoid a multiplicity of suits.

We conclude, therefore, that there was no error in the order of the court, and that the judgment must stand affirmed.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.