[No. 10026.   Department Two.   February 8, 1912.]

JAMES W. NOLAN, *Appellant*, v. PACIFIC WAREHOUSE COMPANY, *Respondent*.[1]

TRIAL—RIGHT TO JURY TRIAL—LEGAL ACTION AND EQUITABLE CROSS-COMPLAINT.   The plaintiff is not entitled to a jury trial on issues raised by a complaint in an action to recover damages for breach of a contract, where the defendant, admitting the contract, denied the breach and filed a cross-complaint alleging plaintiff's breach and praying the foreclosure of a trust deed given by plaintiff as security for his performance, since the answer and cross-complaint converted the case into an equitable action.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 10, 1911, upon findings in favor of the defendant, after a trial to the court, in an action on contract.   Affirmed.

*John E. Humphries*, for appellant.

*Preston & Thorgrimson*, for respondent.

MOUNT, J.—Plaintiff brought this action to recover damages on account of an alleged breach of a written contract by the defendant.   The defendant answered, admitting the contract as set out in the complaint, but denied any breach thereof on its part; and for a cross-complaint alleged, that the plaintiff had executed a certain deed of real property as security for the faithful performance of the contract; that plaintiff had failed to perform the contract; that defendant had completed the same, and in order to do. so, had expended $469; and prayed that the trust property be sold

[1]Reported in 121 Pac. 451.

in order to reimburse the defendant for such expenses.  Plaintiff denied these allegations.  When the case came on for trial, the plaintiff demanded a jury, which the court denied. The cause was then tried to the court, and resulted in a judgment for $66.85 in favor of the defendant, and a decree directing the sale of the real estate given as security for the faithful performance of the contract.  The plaintiff appeals.

He makes but one contention here, which is that the court erred in refusing his demand for a jury trial.  He contends that, under the constitution and statutes, he is entitled to a jury trial in this case because the complaint is for damages for the breach of a written contract, and the only defense is the denial of this breach.  The answer, however, in addition to a general denial of a breach of the contract by the defendant, alleges a breach by the plaintiff, and asks for the foreclosure of a trust deed given as security for such breach. In the case of *Lindley v. McGlauflin*, 57 Wash. 581, 107 Pac. 355, considering the question here presented, we said, at page 581:

"The appellant insists, further, that the question whether the action is of legal or equitable cognizance must be determined from the complaint alone, not from the pleadings in their entirety, and urges that the complaint in the present case shows a legal and not an equitable cause of action.  But a defendant under the code may set forth by answer as many defenses as he may have, 'whether they be such as have heretofore been denominated legal or equitable, or both.'  In other words, a purely equitable defense may be set forth to a purely legal action; and, since it may be set forth, it may be tried as an equitable action.  *Peterson v. Philadelphia Mtg. & Trust Co.*, 33 Wash. 464, 74 Pac. 585.  It follows from this, we think, that the nature of the trial is determined from the entire pleadings, rather than from the complaint alone."

The case of *Lincoln Trust Co. v. Nathan*, 175 Mo. 32, 74 S. W. 1007, is in point here.  That was a case where the plaintiff sued to collect rent under a written lease.  The defendant, for answer, set up one of the provisions of the lease which it was alleged plaintiff had violated, and prayed for a

cancellation of the lease. A demand for a jury was denied. On appeal, the plaintiff contended that the effect of such defense was to require the court to hear the equitable defense first and then proceed with the case at law. The court there said:

"The infirmity underlying this position is that the answer does not simply interpose an equitable defense, but it is a cross-bill in equity, asking affirmative relief, which, if granted, as it was, would cut out the foundations upon which the plaintiffs' right to recover depended, and therefore destroyed the plaintiffs' case. This accentuates the difference between a mere equitable defense and a cross-bill in equity asking affirmative relief, which, if granted, destroys the plaintiffs' case. This being true, the answer and cross-bill converted this case into one in equity, and a trial by jury was properly denied."

The same is true here. If it was the duty of the court to try the equitable defense first, when he found that the plaintiff had breached the contract, this destroyed the plaintiff's case. There was no dispute in the evidence that the plaintiff did not complete his contract within the time he had agreed to do so. His excuse for not doing so was wholly untenable.

The judgment is affirmed.

DUNBAR, C. J., MORRIS, FULLERTON, and ELLIS, JJ., concur.