[No. 20905.   Department One.   May 10, 1928.]

CRAWFORD & CONOVER, INCORPORATED, *Respondent*, v.
T. J. TRAYNOR *et al., Appellants*.[1]

[1] REFORMATION OF INSTRUMENTS (6, 20)—GROUNDS—MUTUAL MISTAKE—EVIDENCE—SUFFICIENCY. The evidence sustains a finding that there was no mutual mistake in omitting a portion of a lot from a contract of purchase, where it appears that it was a matter of discussion between the parties before entering into the contract and purposely omitted by agreement of the parties.

[2] JURY (4)—RIGHT TO JURY TRIAL—EQUITABLE ISSUES. A jury trial is properly denied in an action to quiet title and for an injunction against trespass upon a part of a lot which defendant had been occupying and on which he had built a garage at the time of the commencement of the action, where the answer interjected an equitable defense by asking reformation of a sales contract between the parties, so as to include the tract, on the ground of mutual mistake, and made no other claim to title.

Appeal from a judgment of the superior court for King county, Beals, J., entered May 10, 1927, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court. Affirmed.

*John T. Casey*, for appellants.

*Preston, Thorgrimson & Turner*, for respondent.

PARKER, J.—The plaintiff, Crawford & Conover, Inc., commenced this action in the superior court for King

[1]Reported in 267 Pac. 39.

county seeking a decree adjudicating its title to the south twenty feet of the east forty feet of lot 5, block 30, Renton's addition to the city of Seattle, free from the claim of the defendants Traynor and wife; and also seeking an injunction restraining them from trespassing thereon. A trial upon the merits in that court, sitting without a jury, resulted in a decree awarding to the plaintiff relief as prayed for, from which the defendants have appealed to this court.

The controlling facts may be summarized as follows: Lot 6 is at the north end of the block, fronts west sixty feet on 18th avenue and north one hundred and twenty-two feet on Spring street. Lot 5 is immediately south of lot 6, fronts west sixty feet on 18th avenue and extends east one hundred and twenty-two feet. Both lots abut upon a public alley on the east. Both lots are, and have been for many years, owned by respondent, Crawford & Conover, Inc., subject to its contract with appellants Traynor and wife for a sale of portions thereof, under which they claim interest in the south twenty feet of the east forty feet of lot 5. On November 17, 1924, respondent entered into a written contract with appellants for sale to them of portions of the lots described in the contract as follows:

"The east 40 feet of lot 6 and the north 40 feet of the east 40 feet of lot 5, in block 30, Renton's addition to the city of Seattle."

During a period of several years prior to the date of the sale contract, appellants, as tenants of respondent, occupied the east forty feet of lot 6 and the dwelling house situated thereon, and also, we shall assume, occupied as a portion of the back yard in connection therewith all of the east forty feet of lot 5, including the tract in question, though as to their exclusive occupancy of the tract in question there is

some dispute. In January, 1926, appellants asserted their contract purchase right in the tract in question under the sale contract entered into by respondent with them on November 17, 1924. This claim made by appellants was rested by them upon the theory that the contract in question had, by mutual mistake or by fraud and deceit on the part of respondent, been omitted from the description in the sale contract, and that they were entitled to have the contract reformed by having the description therein corrected so as to include that tract. Soon thereafter, appellants commenced the construction of a garage upon the tract in question and completed it before the commencement of this action, and to that extent, in any event, were in possession of the tract when this action was commenced on July 15, 1926.

[1] It is first contended in behalf of appellants that the evidence shows intention on the part of themselves and respondent, at the time of the entering into the sale contract, that the land contracted to be sold was all of the east forty feet of lots 5 and 6, and that the tract in question was omitted from the description in the contract. by their mutual mistake or by fraud and deceit on the part of respondent. We have read the whole of the evidence with care touching this contention, and are thereby led clearly to the opinion that there was no mutual mistake of the parties as to the description as written in the sale contract of November 17, 1924, and no fraud or deceit practiced by respondent or its officers resulting in any erroneous description being written in the contract. The evidence is in some measure conflicting, but, to our minds, as it manifestly was to the mind of the trial judge, it is fairly conclusively shown that the question of whether or not the tract in question should be contracted by respondent to be sold to appellants, was immediately,

and at other times prior to the making of the contract, a matter of discussion between the parties, and that it became then understood between them, before entering into the contract, that the contract was to be only for the sale of the portion of the lots which was actually described in the contract. We conclude, therefore, that the trial court was correct in deciding that there was no cause for reformation of the contract; and, appellants asserting no other ground upon which to rest their claim of interest in the tract in question, the case was properly disposed of by the trial court upon the merits.

[2] Contention is made in behalf of appellants that the trial court erred in overruling their demand for trial by jury. This contention seems to be rested upon the theory that, at the time of the commencement of the action, they were in possession of the tract in question, and that respondent's action was one to recover possession, as well as to free its title from the claim of appellants. Respondent's complaint seems to be rested upon the theory that appellants' possession of the tract was nothing more than a trespass of such nature as entitled respondent to equitable relief by decree quieting its title and injunction incident thereto. However, appellants answered respondent's complaint, setting up, in their amended answer, the sale contract and alleging facts which they conceived to be sufficient to entitle them to have the description in the sale contract corrected so as to include the tract in question, because of mutual mistake or fraud and deceit on the part of respondent. It is true that appellants, in their amended answer, did not in express terms pray for reformation of the contract; their prayer being simply "that plaintiff take nothing by its complaint, and that its action be dismissed with costs, and for such other relief as may be just;" but

it is plain, from the allegations of the answer, that they could have no right whatever in the tract in question, other than as the result of a reformation of the sale contract so as to include that tract. Hence, their amended answer injected into the case a defense purely equitable, and this made the case one wholly of equitable cognizance, though there may be some room for arguing to the contrary, looking alone to the allegations of respondent's complaint and the proof touching the question of whether or not respondent was in such possession of the tract in question as would entitle it to prosecute this action on the equity side of the court. *Lindley v. McGlauflin,* 57 Wash. 581, 107 Pac. 355; *Nolan v. Pacific Warehouse Co.,* 67 Wash. 173, 121 Pac. 451, Ann. Cas. 1913D 167; *Thiel v. Miller,* 122 Wash. 52, 209 Pac. 1081, 26 A. L. R. 523.

We conclude that the decree must be affirmed. It is so ordered.

MITCHELL, FRENCH, and TOLMAN, JJ., concur.