[No. 21665. Department Two. April 18, 1929.]

F. L. MILLETT, *Respondent*, v. PACIFIC CIDER & VINEGAR COMPANY *et al., Appellants.*[1]

*Karr & Gregory* and *C. L. Harris*, for appellants.
*Lewis & Black*, for respondent.

PARKER, J.—The plaintiff, Millett, commenced this action in the superior court for King county seeking recovery upon a promissory note for the principal sum of one thousand dollars, executed and delivered to him by the defendants, Vinegar Company, Lundberg, its president, and Ford, its secretary, all executing the note as principals. The trial court, deciding the action to be of equitable cognizance by reason of the nature of the affirmative matters pleaded in the defendants' answer and cross-complaint and in the plaintiff's reply thereto, denied the defendants' demand for a jury trial, proceeded with the trial of the case upon the merits without a jury, and rendered

[1]Reported in 276 Pac. 863.

judgment awarding to the plaintiff recovery for the full amount of the principal of the note, with interest, against each and all of the defendants, from which they have appealed to this court.

It is first contended in behalf of appellants that the trial court erred to their prejudice in denying them a trial by jury. While it seems plain, looking alone to the allegations of the complaint, that the action would have to be viewed as a pure law action, yet, whether it should be viewed as a law action, triable by a jury, or viewed as a suit in equity, triable by the court, is, under our code system, determinable by reference to all of the issues raised by all of the pleadings, and not by reference to the allegations of the complaint alone. *Lindley v. McGlauflin*, 57 Wash. 581, 107 Pac. 355; *Nolan v. Pacific Warehouse Co.*, 67 Wash. 173, 121 Pac. 451, Ann. Cas. 1913D 167; *Thiel v. Miller*, 122 Wash. 52, 209 Pac. 1081, 26 A. L. R. 523.

Commencing the action on February 14, 1928, by his complaint, respondent alleges the execution and delivery of the note by appellants to him for the principal sum of one thousand dollars on July 30, 1927, its maturity on February 1, 1928, and that no part of the principal and interest thereon has been paid.

By their answer, appellants admit the execution of the note, its maturity according to its terms, and that no part of it has been paid. By their affirmative answer and cross-complaint, appellants allege, in so far as necessary to here notice, as follows:

"That on the 9th day of February, 1927, the plaintiff bargained with the defendant Pacific Cider & Vinegar Co., Inc., a corporation, to buy of the plaintiff the following: 165 cases of 'Klenzal,' 100 gross rubber stoppers, more or less, 12,000 labels, more or less, 1 filling machine, 2 scales, 1 truck, 1 wooden tank, 1 pump with motor and hose, 1 bench grinder, testing apparatus, 2 150-pound tanks of chlorine, ¾ drum of

caustic soda, 1 barrel soda ash, valves, fittings, etc., all right, title and interest of plaintiff in and to the use of the trade name 'Klenzal' in the states of Washington and Oregon and the territory of Alaska, and all right, title and interest of plaintiff in and to the use of the formula for making 'Klenzal' in the states of Washington and Oregon and the territory of Alaska, and instructions for the use of the said formula. And that the personal property herein described was only valuable for the purpose of manufacturing a cleaning compound known as 'Klenzal,' . . . That the plaintiff . . . falsely and fraudulently represented to these defendants that he had built up a trade for said compound and that at that time he had a list of from one hundred fifty to two hundred customers therefor; that he had the exclusive right to the use of the trade name 'Klenzal,' which right was being at that time protected by proper legal proceedings. That said compound was as good or better than a well known compound known as 'Chlorax'; that he, the plaintiff, would personally instruct the defendants in making the compound 'Klenzal'; that he would furnish the defendants exclusively the formula for said compound, and falsely and fraudulently induced these defendants to pay him $794.15 and to execute the promissory note sued upon in plaintiff's complaint herein. That the defendants relying on said representations made by this plaintiff agreed in writing to buy the property herein described and paid the plaintiff the sum of $794.15, part of the purchase price thereof, and that since said time in the attempt to establish the truth of plaintiff's representations as hereinabove set forth, and in the attempt to manufacture and make the compound 'Klenzal' these defendants have spent the following amounts: . . . Total $2,771.69. Expenditures of said amounts resulting in natural loss to these defendants and being induced by the false and fraudulent representations of this plaintiff relied on by these defendants. . . . That on or about the 26th day of September, 1927, and as soon as defendants had ascertained that the representations made by this plaintiff were untrue, they tendered to this plain-

tiff the return of all the property delivered to them by him and demanded of the plaintiff the rescission of their agreement, the return of the money they had paid him and the cancellation of the note sued upon in plaintiff's complaint herein, but that the plaintiff refused and still refuses to consent to do. That said note was given to the plaintiff without any other consideration than the sale herein referred to."

Appellants' prayer is for judgment awarding them damages against respondent in the sum of $2,771.69, awarding them rescission and cancellation of the $1,000 note sued upon, and cancellation of the sale contract.

By his reply, respondent denies the affirmative allegations of fraudulent and false representations charged against him in appellants' affirmative answer and cross-complaint, and affirmatively alleges, so far as need be here noticed, as follows:

"That on the 11th day of February, 1927, in consideration of the sum of sixteen hundred dollars ($1600) paid and to be paid to the plaintiff by the defendant Pacific Cider & Vinegar Co., the plaintiff sold and delivered to the Pacific Cider & Vinegar Co., Inc., the following described personal property: [Here follow items of property above described]; that said defendant Pacific Cider & Vinegar Co. then paid to the plaintiff on account of said purchase price the sum of three hundred dollars ($300) in cash and the remainder of said purchase price to wit: thirteen hundred dollars ($1300) was evidenced by eight (8) certain promissory notes, numbered from one (1) to eight (8) inclusive, made by said Pacific Cider & Vinegar Co., Inc., and delivered to the plaintiff, all dated February 11, 1927, payable to the order of the plaintiff, each bearing interest at the rate of seven per cent.(7%) per annum from the date thereof until paid, one of said notes being due each month successively, beginning April 11, 1927, and ending November 11, 1927; that the first six (6) of said notes were for the sum of one hundred fifty dollars ($150) each and the remaining two of said notes

were for the sum of two hundred dollars ($200) each; that said defendant Pacific Cider & Vinegar Co. paid to the plaintiff the first one of said notes for one hundred fifty dollars ($150) some time after the same became due, but said defendant neglected to pay the second, third and fourth of said notes when the same became due or at all; that said defendant as its excuse for not paying said second, third and fourth notes, claimed and asserted the same supposed matters and things set forth in its answer herein; that thereafter and on, to wit, the 15th day of July, 1927, after the second, third and fourth notes had become due, the plaintiff commenced his certain action against said defendant Pacific Cider & Vinegar Co., Inc., in the above entitled court to recover the amount then due upon said second, third and fourth notes, . . . That thereafter and on the 30th day of July, 1927, said defendant Pacific Cider & Vinegar Co., in consideration of an extension of time for the payment of a portion of its indebtedness to the plaintiff on the aforesaid promissory notes and otherwise, to wit: the sum of one thousand dollars ($1000) and in consideration of the dismissal and abandonment by the plaintiff of the aforesaid action which was then pending as aforesaid compromised, settled and adjusted with the plaintiff all matters in controversy between the plaintiff and said defendant, including the supposed matters and things set forth and alleged in the answer of the defendants herein; that pursuant to said compromise settlement and adjustment between the plaintiff and said defendant, and in accordance with the terms thereof, the plaintiff did dismiss and abandon said pending action and did cancel and deliver to said defendant the original summons and complaint in said action, and did accept from the defendant the promissory note described in the plaintiff's complaint in this action, together with certain moneys then paid by said defendant to the plaintiff in full settlement and satisfaction of the aforesaid promissory notes dated February 11, 1927, and in full settlement, accord, and satisfaction of all matters in dispute between the plaintiff and said defendant, except the said sum of one thou-

sand dollars ($1000) to be paid in accordance with the terms of said promissory note dated July 30, 1927, and sued upon herein.''

It seems to us that the affirmative matter set up in appellants' answer and cross-complaint constitutes equitable, and not legal, grounds for the relief sought by appellants. The manifest theory of their claim of relief is fraud, inducing them to enter into the contract. True, there is, in a sense, embodied in their affirmative answer and cross-complaint, a defense of want of consideration, but that is only incident to the alleged fraud. It is also true that there is embodied in their affirmative answer and cross-complaint the claim of damages for money expended in the alleged effort of appellants to successfully make and market ''Klenzal.'' But this is only incident to the purely equitable aspects of the case.

Going one step farther, we have the reply of respondent bringing into the case the alleged giving of the note sued upon, in compromise and settlement of the differences between the parties, some six months after the entering into of the original contract. The affirmative answer and cross-complaint sets up fraud in inducing the giving of this one thousand dollar note some six months after the original contract, as well as the fraud in inducing the entering into of the original contract. We conclude that the issues made by the pleadings are so predominantly equitable in their nature that the trial court did not err in ruling the case to be of equitable cognizance and triable as such without a jury. The following of our decisions lend support to this conclusion. *Peterson v. Philadelphia Mortgage & Trust Co.*, 33 Wash. 464, 74 Pac. 585; *Lindley & McGlauflin*, 57 Wash. 581, 107 Pac. 355; *Nolan v. Pacific Warehouse Co.*, 67 Wash. 173, 121 Pac. 451, Ann. Cas. 1913D 167; *Thiel v. Miller*, 122 Wash.

52, 209 Pac. 1081, 26 A. L. R. 523; *Boozer v. Boozer,*
139 Wash. 34, 245 Pac. 403; *Santmeyer v. Clemmancs,*
147 Wash. 354, 266 Pac. 148; see, also, 16 R. C. L. 213;
35 C. J. 174.

Our decision in *Northern Life Ins. Co. v. Walker,*
123 Wash. 203, 212 Pac. 277, may, upon casual read-
ing, seem not to be in harmony with the conclusion we
here reach. A critical reading of that decision will
show that the defense against the life insurance policy
sued upon was that the insured had committed suicide
after the issuance of the policy, and that, by the terms
of the policy, the suicide of the insured prevented re-
covery thereon by the beneficiary. That was not in
any sense a question of fraud touching the validity of
the insurance contract in its making, but merely a
question of an alleged specified condition in the policy
the occurrence of which, after the issuance of the
policy, would prevent recovery thereon. The defense
was held to be not equitable but legal, and hence the
beneficiary could not be deprived of the right of trial
by jury in seeking recovery upon the policy.

It is contended in behalf of appellants that the
evidence calls for judgment awarding to them the re-
lief they pray for, and that the trial court should have
so disposed of the case upon the merits. We have
painstakingly read all of the somewhat voluminous
evidence as abstracted by counsel for appellants, and
cannot say that it preponderates against respondent's
right of recovery upon the note as adjudged by the
trial court, particularly when the question of fraud is
considered with reference to the settlement made be-
tween the parties of their differences resulting in the
giving of the one thousand dollar note on July 30,
1927, some six months after the making of the original
sale contract, in place of the unpaid notes representing
the unpaid portion of the then balance due upon the

568

agreed purchase price, which giving of the new note in place of the unpaid existing notes resulted in a substantial extension of time for payment of the balance of the unpaid purchase price. We deem it unnecessary to here review the evidence in detail looking to a demonstration of the correctness of the trial court's disposition of the case.

The judgment is affirmed.

MITCHELL, C. J., MAIN, MILLARD, and FRENCH, JJ., concur.