[No. 22662. Department One. January 9, 1931.]

JOE REED *et al., Respondents,* v. W. R. REEVES *et al., Appellants.*[1]

*D. V. Morthland* and *Floyd Foster,* for appellants.
*McAulay & Freece,* for respondents.

MAIN, J.—This action was brought to recover a commission upon the sale of real estate. The defendants denied liability, and pleaded affirmatively two defenses to which reference will be hereinafter made. The affirmative defenses were denied by reply. The defendants, after taking the necessary preliminary steps, noticed the case for assignment for a jury trial. The plaintiffs moved that the case be stricken from the jury trial calendar and be tried by the court without

[1]Reported in 294 Pac. 995.

a jury. This motion was sustained, and the trial resulted in findings of fact from which the court concluded that the plaintiffs were entitled to recover the amount claimed. Judgment was entered against the defendants in the sum of $852.50, from which they appeal.

The only question presented is whether the appellants were entitled to a jury trial as a matter of right.

The respondents were real estate brokers, with offices in the city of Yakima. The appellants owned a ranch or farm near that city. August 12, 1929, the appellant W. R. Reeves listed the ranch with the respondents for sale, and agreed to pay a commission of five per cent. August 22, 1929, the respondents found a purchaser in the person of R. A. Manson. On this date, an earnest money receipt was signed by the respondents, by Manson, the purchaser, and by W. R. Reeves.

The facts recited up to this point are taken from the complaint. The first affirmative defense was that there was no delivery of the contract, because it was expressly agreed between the parties that it should not go into effect until it had been signed by Margaret Reeves, the wife of W. R. Reeves. The second affirmative defense was that the contract (the earnest money receipt) signed by W. R. Reeves was not the contract read to him by one of the respondents at the time he signed it. He, being unable to read without his glasses and not having them with him at the time, depended upon the reading of the contract to him as to what it contained. It is charged that there was fraud, in that the contract which Reeves signed was not the same contract as was read to him.

Whether the case should have been tried as one at law, or one in equity without a jury, depends, not alone upon the complaint, but upon all of the pleadings.

*Lindley v. McGlauflin,* 57 Wash. 581, 107 Pac. 355; *Nolan v. Pacific Warehouse Co.,* 67 Wash. 173, 121 Pac. 451, Ann. Cas. 1913D 167. Looking to the complaint alone, the action was purely one at law. On this, there can be no question. The first affirmative defense to the effect that the contract had not been delivered was a legal defense and not an equitable one.

The question, then, is reduced to whether, the appellants having pleaded fraud in their second affirmative defense, the case became one of equitable cognizance.

The defendants did not seek a rescission of the contract, but pleaded fraud merely as a defense to the demand made in the complaint. If the action or defense was one to rescind a contract, then it would be a case to be tried in equity. *Thiel v. Miller,* 122 Wash. 52, 209 Pac. 1081, 26 A. L. R. 523. The cases of *Jackson v. Tatebo,* 3 Wash. 456, 28 Pac. 916; *Anderson v. Provident Life & T. Co.,* 25 Wash. 20, 64 Pac. 933, and many others that might be cited, are cases which were triable in equity because a rescission was sought. The cases of *Walsh v. Meyer,* 40 Wash. 650, 82 Pac. 938; *Bunck v. McAuley,* 84 Wash. 473, 147 Pac. 33; and *Edwards v. Powell,* 121 Wash. 598, 210 Pac. 7, 212 Pac. 163, are cases where damages were sought on account of fraud, and each of those cases was tried to a jury.

If an action is to be tried in equity, two things are to be established: (a) the fact of fraud, and (b) the amount of consideration paid which may be recovered back upon rescission; if the action is to be tried at law for damages only, two things are to be established: One, the fact of fraud, and the other, the amount of damages.

It would thus appear that, whether there was fraud would be a question of fact which could be determined in a law action as well as in one in equity. Neither

equity nor a court of law can be said to have exclusive jurisdiction in matters of fraud. If equitable relief is sought, the case would be tried as one in equity; if the remedy at law is complete and will secure to a party the whole right involved in a manner as just and perfect as would be attained in a court of equity, then the remedy at law is adequate. In 10 R. C. L., p. 288, it is said:

"To correct and relieve against mistakes, accidents and frauds, where the party has not a plain, adequate, and complete remedy at law, is and always has been one of the principal objects and most ordinary duties of courts of equity. In fact the jurisdiction of the court of equity over these matters is probably coeval with its very existence. These subjects, however, may sometimes arise in courts of law and there be well disposed of—hence, they are commonly cited as leading examples of a court of equity's concurrent jurisdiction. But with cases of fraud, trust, or accident, when properly before it, a court of equity can ordinarily deal more completely than can a court of law. And, accordingly, where such questions are involved, a court of equity is never closed to a person unless the remedy at law is complete and will secure to him the whole right involved, in a manner as just and perfect as would be attained in a suit of equity."

In the same volume, on p. 274, it is said:

"The rule adopted in the great majority of American jurisdictions, however, is that whenever a court of law is competent to take cognizance of a right, and has power to proceed to a judgment which affords a plain, adequate, and complete remedy, without the aid of a court of equity, the plaintiff must proceed at law, because the defendant has a constitutional right to a trial by jury."

In *Biermann v. Guaranty Mutual Life Ins. Co.*, 142 Iowa 341, 120 N. W. 963, it is said:

"Generally speaking, equity has no jurisdiction where there is an adequate remedy at law. 16 Cyc.

30. Of course, there is a certain field in which law and equity are said to have concurrent jurisdiction, and this jurisdiction includes a class of cases growing out of alleged accident, mistake, or fraud. But even in this common field courts of equity, though recognizing the existence of their jurisdiction, are generally reluctant to exercise it where the remedy at law appears to be adequate and complete. *Gorman v. Low,* 2 Edw. Ch. (N. Y.) 324; *Robinson v. Chesseldine,* 5 Ill. 332; *Hales v. Holland,* 92 Ill. 494; *Knight v. Hardeman,* 17 Ga. 253.''

In the present case, it cannot be said that the remedy at law would not be adequate and complete. If the facts be as pleaded in the second affirmative defense—that fraud was practiced—this is a complete defense to the action. As already indicated, this is not an action to rescind, and could not well be, because the one signing the earnest money receipt as purchaser is not a party to the proceeding. Here the defense of fraud was purely a legal defense, and the appellants had a right to a jury trial.

The right to a jury trial, when such exists, is a substantial right, and a denial thereof is prejudicial error. *Northern Life Ins. Co. v. Walker,* 123 Wash. 203, 212 Pac. 277.

The judgment will be reversed, and the cause remanded for a new trial.

MITCHELL, C. J., PARKER, TOLMAN, and HOLCOMB, JJ., concur.