[No. 12782.    Department Two.    January 25, 1916.]

## A. R. GAREY, *Appellant*, v. THE CITY OF PASCO, *Respondent*.[1]

JURY—RIGHT TO JURY TRIAL—EQUITY. Const., art. 1, § 21, providing that "the right to trial by jury shall remain inviolate" has no application to actions of equitable cognizance.

ACCOUNT—MUTUAL ITEMS OF ACCOUNT—PLEADINGS—ISSUES. In an action for a balance due on a building contract for the construction of a city hall, including extras, in which the city set up numerous items of set-off and counterclaim and prayed for an accounting, so that the items claimed by each were items of mutual account, the plaintiff is not entitled to a jury trial, as the pleadings raise issues determinable as for an accounting.

CONTRACTS—BUILDING CONTRACTS—DEMURRAGE — WAIVER — TERMINATION OF CONTRACT. A city, upon terminating a contract for the construction of a city hall and taking over the work of completing the building, cannot claim damages under the demurrage clause, calling for $25 per day for delay in completing the building; where the delay up to that time was waived or the fault of the city.

SAME—BUILDING CONTRACTS—CERTIFICATES AND PARTIAL PAYMENTS—ESTOPPEL. Under a building contract providing that no certificate given or payment made during the progress of the work shall be construed as an acceptance, the city is not estopped from asserting set-offs and counterclaims by reason of certificates of the architects which were not final and partial payments made thereon.

TRIAL—REOPENING CASE. It is discretionary to reopen the case for further evidence, after the parties had rested and the court had the case under advisement.

COSTS—ON APPEAL—REDUCTION OF JUDGMENT. Appellant having secured a reduction of $875 in the judgment, is entitled to costs on appeal.

Appeal from a judgment of the superior court for Franklin county, Holcomb, J., entered January 5, 1915, in favor of the defendant, in an action on contract, tried to the court. Modified.

*Charles W. Johnson*, for appellant.

*Edward A. Davis*, for respondent.

[1]Reported in 154 Pac. 433.

PARKER, J.—This action was commenced in the superior court for Franklin county by A. R. Garey against the city of Pasco, to recover a balance claimed to be due him upon a contract and for extras furnished for the construction of its city hall. The city denied that any sum was due to Garey upon the contract price or for extras; and set up, by way of affirmative defense and cross-complaint, numerous items of set-off and counterclaim, and prayed for an accounting and an affirmative judgment thereon against Garey for a large sum. Trial before the court without a jury resulted in judgment in favor of the city and against Garey for the sum of $4,353.74, rendered on January 5, 1915, from which he has appealed to this court.

Counsel for appellant, Garey, made timely demand for trial of the cause before a jury, and tendered the statutory fee therefor. The trial judge, being of the opinion that the case was triable before the court without a jury as a suit in equity for an accounting, denied appellant's demand for a jury trial, and proceeded with the hearing of the case upon the merits without a jury as for an accounting. This ruling is complained of by counsel for appellant as erroneous, in that it denied him the constitutional right of trial by jury. There is, therefore, presented the question of whether this is a case triable by jury as a matter of right, within the meaning of § 21, art. 1 of our constitution providing that, "The right to trial by jury shall remain inviolate."

It hardly needs argument or citation of authorities to show that this constitutional guaranty does not entitle a party to a jury trial in a case of a class which has always been recognized as being within the jurisdiction of courts of equity; since such cases never were triable by jury as a matter of right. This guaranty means no more than that the right of trial by jury shall continue as it existed at the time of the adoption of our constitution. 24 Cyc. 101. It seems equally plain that an action for an accounting, prop-

erly maintainable as such, is one of equitable cognizance. 1 R. C. L. 222.

On August 1, 1911, appellant Garey entered into a contract with the city of Pasco, by the terms of which he agreed to furnish all of the material and labor for the construction of a city hall for the city, it agreeing to pay him therefor the sum of $27,492. He was to construct the building according to plans and specifications prepared therefor by C. Lewis Wilson, an architect, and under his direction. The city reserved the right to furnish certain brick for the building and to deduct the cost thereof from the contract price. The city also reserved the right to make changes in the work, and the contract price was to be deducted from or added to accordingly. The city also reserved the right to enter upon the premises and complete the building upon the failure of the appellant to perform the contract, deducting the cost thereof from the contract price, and if such cost exceeded the unpaid balance of the contract price, such excess was to be repaid by appellant to the city. Appellant was to be liable to the city for any damages because of the failure to perform his contract, the amount of such damages to be deducted or repaid in the same manner. Appellant was also liable to the city for liquidated damages in the sum of $25 per day, to be deducted from any balance due appellant upon the contract, for each day consumed in his completion of the building after December 31, 1911, that being the time fixed by the terms of the contract for the completion of the building. Appellant, however, was to be allowed extra time for certain unavoidable delays, and also for delays resulting from the fault of the city. As the work progressed, appellant was paid from time to time sums upon the contract price aggregating $23,368.20. He claims an additional sum for numerous extras furnished, and claims a balance of $6,438 due to him from the city. The foregoing facts appear in the allegations of the complaint, a copy of the contract being attached thereto as an exhibit.

In its answer and cross-complaint, the city denies that any balance is due to appellant, and sets up, by way of affirmative defense and cross-complaint, numerous items of set-off and counterclaim. It prays for an accounting between itself and appellant, and claims a balance due to it from appellant of $12,433. These claims of the city made against the appellant consisted of numerous items: for failure to complete the building within the time agreed upon; for damages resulting to the city by failure of the appellant to place proper material in the building as agreed, according to plans and specifications; for money expended by the city in completing the unfinished portion of the building as it was left by appellant; for deductions because of changes in the plans and specifications lessening the cost of the building; and, in effect, for repayment by appellant to the city of excess payments made to him during the progress of the work. Appellant, by his reply, denies all of the affirmative allegations of the city's answer and cross-complaint.

Looking to all of the allegations of these pleadings, we cannot escape the conclusion that they raise issues determinable as for an accounting by a court of equity. These items are numerous and complicated and consist of mutual demands made by the parties, each against the other. In the text of 1 C. J. 613, we read:

"The basis of equity jurisdiction over matters of account has often been discussed, and while it is said that the necessity for a discovery was originally the foundation of the court's jurisdiction, it is no longer restricted to cases of that description, and the best considered authorities put the equitable jurisdiction upon three grounds, to wit: The need of a discovery, the complicated character of the accounts, and the existence of a fiduciary or trust relation."

The ground of "complicated character of accounts" may of itself be subject to some qualification in several jurisdictions, but when that ground is accompanied with the element of mutuality of accounts, it seems to be agreed by all the

13—89 WASH.

authorities that the determination of the balance due from one party to the other becomes a proper subject of equity jurisdiction. This view is supported by the text and numerous authorities cited in 1 C. J. 618. That these items claimed by each of the parties against the other are items of mutual account, in a legal sense, seems plain when we remember that, by the very terms of the contract above noticed, it was manifestly contemplated that such claims, so far as they are just and valid, should be regarded as mutual; that is, that they should be offset in favor of each party against the other for the purpose of determining any balance due from either party to the other. In Black's Law Dictionary (2d ed.), 17, mutual accounts are defined as follows:

"Accounts comprising mutual credits between the parties; or an existing credit on one side which constitutes a ground for credit on the other, or where there is an understanding that mutual debts shall be a satisfaction or set-off *pro tanto*, between the parties."

See, also, 1 R. C. L. 205; 1 C. J. 598.

We conclude that the nature of the issues raised by these pleadings, involving as they do the settlement of mutual and complicated accounts, are such as to call for the trial of the case by a court of equity, and that appellant was not entitled to a trial by jury.

As to the merits of the case, the record is very long and the facts much involved. Our review of the evidence leads us to the conclusion that it preponderates in favor of the conclusions reached by the trial court, in so far as the questions of fact are concerned, except as to one item allowed by the trial court in favor of the city, which we are unable to assent to as a proper allowance to the city. It is an item of $875, allowed to the city as damages under the $25 per day liquidated damage provision of the contract.

The trial court was evidently of the opinion that the city was not entitled to any substantial allowance under this provision of the contract for delay prior to the time the city

took possession of the building and proceeded with the completion thereof itself. We agree with the view that the delays up to that time were waived by the architect or were as much the fault of the city as of appellant. It results, therefore, that almost all of this item of $875 demurrage is being allowed the city for time following its taking the building away from appellant and proceeding itself with the completion thereof. We are not sure that this is exactly the interpretation that should be given to the trial court's views; but looking at the record as a whole, we think that the city was not entitled to any demurrage up until the time it actually took possession of the building and proceeded with its completion. By the allegations of the city in its answer, we are informed that it "terminated said contract," and "that said building was taken away from the said A. R. Garey" on September 24, 1912. The city could not terminate the contract and at the same time claim under the contract the liquidated damage contracted for in case of delay; though, of course, it could claim actual damages, as to which there is no evidence. This question was considered by the supreme court of Alabama in *Fidelity & Deposit Co. v. Robertson*, 136 Ala. 379, 411, 34 South. 933. Justice Sharpe, speaking for the court, said:

"On the proof in this record damages for delay in building, if the plaintiff should be found entitled to recover such damages, should be estimated according to the loss actually sustained on that account by the fault of Adams, Wright & Gossett rather than by the stipulation in their contract on that subject. Apparently that stipulation was intended to be effective only in the event of those contractors continuing in the work under the contract beyond the time it fixed for their delivery of the house. The plaintiff having before that time, declared the contract forfeited and treated it so by ousting Adams, Wright & Gossett from its further performance cannot maintain that the contract was thereafter continuing so as to bind them to such further performance. As bearing on this question though not strictly in point see *Lennon v. Smith*, 124 N. Y. 578."

See, also, 30 Am. & Eng. Ency. Law (2d ed.), 1263.

Some contention is made that certificates by the architect and payments made thereon to appellant from time to time by the city, especially the last one so given and honored estops the city from claiming its items of set-off and counterclaim. Plainly no certificate was ever given which amounted to a final acceptance of the building by the city. The contract provides that no certificate given or payment made during the progress of the work shall be construed as an acceptance of the work. We think the city is not estopped by these certificates as to any of the claims it makes, other than as to its liquidated damage claim.

Some contention is made in appellant's behalf that the court erred in opening the case, some time after the parties had rested and while the court had it under advisement, for further evidence offered by the city. This was clearly a matter of discretion, as to which we see no abuse. However, even if all the new evidence so received be rejected, the result would have been the same, as the record seems to disclose the views of the trial judge. We agree with this view.

We conclude that the city is not entitled to any allowance under the liquidated damage provision of the contract, and that the judgment rendered against appellant is excessive in the sum of $875, which was allowed to the city as liquidated damages. In all other respects the judgment is affirmed. The cause is remanded to the superior court with direction to correct the judgment so that it will be for the sum of $4,353.74, less the sum of $875, to wit, $3,478.74. When so corrected, the judgment shall be deemed entered as of January 5, 1915, so as to bear interest from that date.

Appellant, having obtained a substantially more favorable judgment in this court than the judgment appealed from, is entitled to his costs incurred in this court.

MORRIS, C. J., MAIN, and ELLIS, JJ., concur.

BAUSMAN, J., took no part.