[No. 14553. Department One. April 26, 1918.]

## THE CITY OF PASCO, *Appellant,* v. PACIFIC COAST CASUALTY COMPANY, *Respondent.*[1]

JUDGMENT — BAR — MATTERS AND PARTIES CONCLUDED—PRINCIPAL AND SURETY. A judgment in favor of a city entered upon an accounting between a contractor and the city is not conclusive upon the contractor's surety in the city's subsequent action to recover on the contractor's bond, upon an issue as to the release of the surety by material alterations, extras, and the diversion of payments in contravention of the surety's contract; as such issue was not litigated or before the court in the former action; and it is immaterial that the surety assisted the contractor in its defense of the former action.

PRINCIPAL AND SURETY—STATUTORY BOND—CONSTRUCTION. A contractor's bond, reciting that it is given in compliance with the statute requiring bonds for the benefit of specified persons, must be held to be intended as a statutory bond, and not an agreement making the surety a joint principal with the contractor on city work without right to the defenses of a surety.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered February 13, 1917, upon findings in favor of the defendant, dismissing an action on contract, tried to the court. Affirmed.

*C. M. O'Brien* and *Gerard Ryzek,* for appellant.

*Danson,. Williams & Danson* and *C. W. Johnson* (*George D. Lantz,* of counsel), for respondent.

FULLERTON, J.—The city of Pasco, on August 1, 1911, entered into a contract with one A. R. Garey for

[1]Reported in 172 Pac. 566.

the construction of a city hall. The statutory bond for the protection of laborers and materialmen was given with the respondent herein, the Pacific Coast Casualty Company, as surety. Before the completion of the work, the city of Pasco declared the contract forfeited and itself finished the construction of the building. Thereafter Garey brought an action against the city to recover moneys claimed as due him under the contract, and, on an accounting had between the parties on the affirmative defense set up by the city, judgment was awarded against Garey in the sum of $4,353.64, which on appeal to this court was reduced to $3,478.74. The facts in that case will be found fully set out in *Garey v. Pasco,* 89 Wash. 382, 154 Pac. 433. Subsequently the city of Pasco instituted the present action to recover from the respondent surety company the amount of its judgment against Garey.

The respondent pleaded as affirmative defenses: (1) That it had been released by material alterations made in the building contract between the city and Garey without its knowledge and consent; (2) that the contract provided that the city, in making payments as the work progressed, should hold back fifteen per cent of the contract price on partial and final payments, but that the city failed to retain such percentage, and in fact paid the contractor in full before the completion of the contract; that such sums so received were diverted to other purposes than payment of material and labor claims, and that respondent had been compelled to pay such claims, thus discharging it from liability on its bond; (3) that extras and additions in the building, without the written order of the architect, were made by the city in contravention of the provisions of the contract and at an additional outlay of $4,921.50; and (4) that the costs of making the alterations and additions for which recovery is sought were incurred

more than three years prior to the commencement of this action and are barred by the statute of limitations. The city replied, setting up that the matters therein alleged were *res judicata* under the judgment rendered in the prior action of *Garey v. Pasco, supra*. The cause was tried to the court, which made the following findings of fact:

"(1)   That it has jurisdiction over the parties and subject-matter in said cause; that heretofore, on or about the first day of August, 1911, one A. R. Garey entered into a written contract with the plaintiff city of Pasco for the construction of a building known as the City Hall building, at an agreed price of $27,492, less proper deductions.   That thereafter the city of Pasco and the said A. R. Garey made deductions amounting to $3,405 from said contract price, and before the completion of said building paid to the said A. R. Garey the sum of $23,368.20, and further paid on the order of said A. R. Garey the sum of $593.95, or a total payment to Garey or his order of $23,962.15. That the original contract price, less the deduction which was made immediately after the execution of the contract, left the contract price for the building at the sum of $24,087.   That at the time of entering into the contract as hereinbefore stated, with the city, the defendant in this action executed the surety bond conditioned for the faithful performance of said contract, as provided by chapter 207 of the Session Laws of the state of Washington for the year 1909.

"(2)   That the plaintiff city of Pasco terminated the contract with Garey prior to the completion of the building, leaving unpaid a number of laborers and materialmen, which were paid by the defendant bonding company.

"(3)   That the contract referred to was the uniform form of contract, and provided among other things, that the city should pay to the contractor eighty-five per cent of the amount earned as work progressed, the remaining fifteen per cent to be retained by the city for a period of sixty days, after the completion of the

building, for the purpose of securing the payment of laborers and material.

" (4)   That, after the termination of said contract, Garey brought an action against the city of Pasco to recover an alleged amount claimed to be due from the city on account of extras furnished during the progress of the building. In this action the city counter-claimed against Garey and recovered a judgment for about forty three hundred dollars. The cause was appealed to the supreme court of this state and modified, reducing said judgment to the sum of $3,478.74. That no judgment was ever entered upon the remittitur as returned from the supreme court.

" (5)   That, after the return of said remittitur, the present action was commenced by the city of Pasco against this defendant, in which action this defendant claims that it was relieved from liability upon the bond by reason of certain acts of the said city, some of them being:

"First. The material alteration and change in plans and specifications, which changes increased the cost of constructing the building.

"Second. The overpayment to Garey of the amount due him.

" (6)   The court finds, upon the defendant's contentions, from the evidence adduced at the trial, that the building was materially changed without the consent of the defendant herein, and that such change added to the cost of the construction of the building, and also that the city of Pasco failed to reserve the fifteen per cent as provided in the contract. That approximately the entire amount of the contract price was paid to Garey prior to the completion of the building, and without the consent or knowledge of the defendant surety company.

" (7)   The court further finds that the question of the surety's liability was not an issue in the case of Garey vs. the City of Pasco, and that the defendant surety company was not a party thereto and was not tendered the defense therein.

" (8)   The court further finds that, after the termination of the contract between Garey and the plaintiff city, the defendant surety company received notice

that the contract was terminated, which notice contained information that there was between $6,000 and $7,000 due the said Garey, and thereafter the defendant surety company paid for labor and material expended upon said building approximately $7,000, and that this amount was paid prior to the time that the defendant surety company ascertained that the fifteen per cent had not been reserved as provided for in the contract."

As conclusions of law, the court found that the judgment in the action of *Garey v. Pasco* was not *res judicata* as to the respondent, and that the respondent was discharged from liability as surety by reason of material alterations in the contract and the dissipation of the fifteen per cent of the contract price which should have been retained under the contract. Judgment was rendered dismissing the action, from which this appeal is prosecuted.

While the appellant has assigned error upon all of the findings of fact made by the court, its argument is directed against the finding to the effect that the respondent's liability was not an issue in the case of *Garey v. Pasco,* and to the conclusion of law that the judgment rendered in that case was not conclusive against the respondent as the surety of the record plaintiff. We shall not, therefore, discuss the other findings made. It suffices to say that they are abundantly sustained by the evidence, and are sufficient to sustain the conclusion of law to the effect that the respondent was discharged thereby from liability to the city on its bond, if it is not foreclosed by the judgment entered in the case mentioned.

That the respondent was not foreclosed by that judgment of the defense here interposed we think is equally clear. The judgment, it will be remembered, was recovered by the city on an affirmative issue set forth in an answer in a suit brought by the contractor against

it. The respondent is sought to be holden on the judgment because, through its counsel, it assisted the plaintiff in waging his affirmative issue and in maintaining his defense to the affirmative issue waged by the city. The defense it interposes to the present action was neither made an issue therein by the pleadings or by the evidence, nor was it actually adjudicated in the final judgment of the court. But more than this, the question could not have been made an issue in that cause by the parties to the record as the record then stood. Between the actual parties it was an immaterial inquiry. It may be that, since the respondent was a surety of the plaintiff and liable over to the city, the city could, under our practice, have brought the respondent in and compelled it to set up its defenses or be barred from subsequently waging them. But the city was privileged to wage its own action in its own way, and since it did not choose to make the respondent an actual party, thus giving it an opportunity to set up defenses personal to itself, it cannot now be heard to urge that it is barred of these personal defenses merely because it participated in an action between other parties in which the defenses were not an issue.

The cases cited by the appellant, as we understand them, do not maintain a different principle. Without reviewing them or specially referring to them, it may be conceded that they sustain the doctrine that one secondarily liable, participating in an action brought against his principal, is estopped by the judgment entered on the issues actually tried therein and perhaps issues actually triable therein. But none of them go to the extent of holding that a surety is barred by that circumstance, when sued on the judgment entered in such an action, from defending on any ground personal to himself which was not an issue and could not be

made an issue in the action as it was waged. As applied to the present case, the rule would mean that the respondent is estopped from asserting that the contract between its principal and the city was not breached by its principal, or that the damages awarded for the breach were not a just measure of the damages flowing therefrom; but it does not mean that it is estopped from urging that the original contract for the performance of which it became surety was so far changed and modified without its consent by the parties thereto as to relieve it from its obligation to answer over.

In the reply brief of the appellant it is urged that the bond executed by the respondent is so worded as to make it a joint principal with the contractor, and that in consequence the defenses urged by it are not open to it. An examination of the bond shows that it contains language which, although not entirely clear, might be given this interpretation, but the bond, when read as a whole, is clear as to its purpose and meaning. Further on it specifically recites that it is intended to be made in compliance with the chapter of the laws requiring bonds in this class of contracts, and that the persons for whose benefit the bond is given shall have the right to sue thereon "on compliance with the provisions of said chapter 207 of the Session Laws of the state of Washington for the year 1909." That it was intended as the ordinary statutory bond we think these recitals hardly leave room for doubt.

The conclusions reached require an affirmance of the judgment, and it will be so ordered.

ELLIS, C. J., PARKER, MAIN, and WEBSTER, JJ., concur.