[No. 19544.  Department Two.  March 18, 1926.]

HENRY McLAUGHLIN et al., Respondents, v. ORIENT
INSURANCE COMPANY, Appellant.[1]

[1] INSURANCE (142)—ADJUSTMENT OF LOSS—ACTION ON POLICY—
WEIGHT OF EVIDENCE—VALUE OF PROPERTY. Where the appraisers,
stipulated for in an insurance policy, arbitrarily and capri-
ciously fixed the amount of the loss through bias and without
regard to the true amount of the loss, the verdict of a jury,
upon proper instruction and sufficient evidence, in double the
amount of the award, will not be disturbed on appeal, there
being no claim that it was excessive.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered April 14, 1925,
upon the verdict of a jury in favor of plaintiffs, in an
action upon fire insurance policies. Affirmed.

*Ferris & Ferris,* for appellant.

*Munter & Munter,* for respondents.

PARKER, J.—The plaintiffs seek recovery upon two
insurance policies issued to them insuring them against
loss or damage by fire, in the total sum of $1,600, on
their lodging house furniture, fixtures and furnishings,
situated in their lodging house in Spokane; which per-
sonal property was partially destroyed and partially
damaged by fire, while the policies were in full force
and effect, on August 29, 1924. Proof of loss having
been furnished by the plaintiffs to the insurance com-
pany, they were unable to agree on the amount thereof.
The policies contained, among other stipulations, the
following:

"In the event of disagreement as to the amount of
loss same shall, as above provided, be ascertained by
two competent and disinterested appraisers, the in-
sured and the company each selecting one, and the two

[1]Reported in 244 Pac. 254.

chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss.''

Looking to the determination of the amount of the loss, as provided by this quoted stipulation of the policies, the plaintiffs selected an appraiser and the defendant selected an appraiser. These two examined the numerous articles which were damaged to the extent that their value was entirely destroyed, and also the numerous articles which were partially damaged. The plaintiffs' appraiser itemized the loss in detail as to each article destroyed or damaged, and thus estimated the total loss at $1,568; the defendant's appraiser likewise estimated the total loss at $361. They were wholly unable to agree as to the total amount of loss. They thereupon selected an umpire and submitted their differences to him. He thereupon, after what seems to us a very perfunctory consideration of the case, estimated the total loss at $550, in which the defendant's appraiser concurred, the plaintiffs' appraiser refusing to concur therein, protesting that the same was wholly inadequate. The plaintiffs refused to accept this $550 award, and thereafter commenced this action in the superior court seeking recovery upon the policies, alleging loss in the full amount of $1,600. The defendant, by its answer, set up the award of $550 made by its appraiser and the umpire as an affirmative defense, depositing the $550 in court for the plaintiffs; to which the plaintiffs replied, pleading affirmatively, in substance, that the $550 award was arrived at by the umpire and the appraiser as the result of bias and prejudice, on the part of both of them, in favor of the defendant and against the plaintiffs, and as an arbi-

trary and capricious action on their part without fair consideration of the merits of the plaintiffs' claim of loss. Upon the issues so framed, the case proceeded to trial before the court sitting with a jury, and resulted in verdict and judgment awarding to the plaintiffs recovery against the defendant in the sum of $1,066. From this disposition of the case in the superior court, the defendant has appealed to this court.

[1] The only claim of error here argued in behalf of the defendant is that the trial court erred in refusing to decide the case finally in the defendant's favor upon the merits as a matter of law, take the case from the jury and render its judgment accordingly; counsel for the defendant, by appropriate motions timely made, having requested the court so to do. The trial court fully and fairly instructed the jury, submitting to it the question of the plaintiffs' claim of arbitrary action on the part of the appraiser and the umpire as a primary question to be determined. We have examined with care the evidence as presented to us in the abstract prepared by counsel for the defendant, and deem it sufficient to say that we are fully convinced that we would not be warranted in disturbing the verdict of the jury in making its award of $1,066 in favor of the plaintiffs against the defendant; that is, we think there was ample evidence to warrant the jury in believing that the appraiser and the umpire made their award of $550 as the result of their arbitrary and capricious conclusion in that behalf, without due regard to the justness of the plaintiffs' claim of loss. This was evidenced, as the jury might well believe, by the amount of the $550 award as compared with the $1,066 award made by the jury as a fair estimate of the loss, and the perfunctory consideration of the case by the umpire. No contention is here made that the $1,066 award made

by the jury exceeds the actual amount of the plaintiffs' financial loss as the result of the fire.  We do not think the case calls for further discussion.

The judgment is affirmed.

TOLMAN, C. J., MACKINTOSH, MITCHELL, and MAIN, JJ., concur.