[No. 33089.   Department Two.   April 28, 1955.]

LANAIS C. COLEMAN, *Appellant,* v. HIGHLAND LUMBER, INC., *et al., Respondents.*[1]

*Robert W. Garver,* for appellant.

*Ned Hall,* for respondents.

WEAVER, J.—This case has been designated by counsel and the trial judge as an action for damages, for an accounting, and for rescission.

[1] Reported in 283 P. (2d) 123.

It is admitted by the pleadings that plaintiff and Howard Parks (who assigned his interest to plaintiff) purchased a portable sawmill from defendant lumber company for $8,503.53. There was no down payment. The purchase price was to be paid as follows: the purchaser was to process logs through the mill and deliver the lumber to the seller (defendants), who would "pay therefor the then going market price for such lumber as of date of delivery, based upon grade," and deduct ten dollars per thousand board feet for application upon the purchase price of the mill.

Plaintiff alleges in his complaint that he has been under-paid $32,632.18 for lumber delivered to defendants; that he has overpaid $5,921.93 on the purchase price of the sawmill; that defendants did not buy the lumber "on grade as agreed in the said contract," as a result of which defendants "forced plaintiff to give them a bill of sale to said mill in order to be able to pay his [plaintiff's] help"; and that de-fendants took possession of the mill, resulting in a loss to plaintiff of $2,750, plus a continuing loss "at the rate of $250 per producing day until permitted to re-open said mill."

The complaint prays (1) for a money judgment of $41,304.11, together with two hundred fifty dollars per day as long as plaintiff is out of possession of the mill; (2) for a judgment setting aside the bill of sale to the mill and adjudging plaintiff to be the owner thereof; (3) that the court order defendants to make their books available to plaintiff for inspection and audit; and (4) "for such other and further relief as to the court seems fair, just and equi-table."

The bill of sale to the sawmill, which plaintiff gave to defendants and which *plaintiff produced in evidence,* pro-vides that

"This bill of sale is given in full and final settlement and satisfaction of all debts and claims as of this date owed to the said party of the second part [defendants] by the said party of the first part [plaintiff]."

After plaintiff had rested his case, the trial court an-nounced that it was not a case for jury consideration. In the absence of the jury at the end of the trial, the court an-

nounced that the verdict of the jury would only be advisory. Plaintiff made no objections to this ruling. The case was submitted to the jury, however, and it returned a verdict of $16,244 for plaintiff.

The trial court disregarded the verdict, filed a memorandum opinion, made findings of fact and conclusions of law, and entered judgment of $245.41 in favor of plaintiff. It is from this judgment that plaintiff appeals.

The trial court has a wide discretion in determining whether an action is an action at law or equitable in nature, and this discretion will not be disturbed except for clear abuse. *Pollock v. Ralston,* 5 Wn. (2d) 36, 44, 104 P. (2d) 934 (1940). The request for rescission of the bill of sale makes this action equitable in nature. Where any one of the main issues in an action is equitable in nature, equity takes jurisdiction for all purposes, and there is no right to trial by jury. *Maas v. Perkins,* 42 Wn. (2d) 38, 41, 253 P. (2d) 427 (1953), and cases cited. The jury was not the arbiter of the facts; it was advisory only. It was not error for the trial court to disregard the verdict and enter findings of fact, for, under the circumstances of this case, it was the province of the trial court to do so. *In re Matsas' Estate,* ante p. 266, 280 P. (2d) 678 (1955).

The record does not preponderate against the trial court's findings: that defendants fairly accounted for all lumber delivered by plaintiff; that plaintiff had been receiving advance payments from defendants; that defendants became unwilling to make further advances; that, on June 9, 1953, plaintiff voluntarily delivered the bill of sale to defendants in consideration of the cancellation of plaintiff's debt to defendants and the payment of approximately "$1,700.00 cash for wages and other claims against" plaintiff; that the bill of sale was delivered and received "with the intention of completely settling all obligations existing between the parties with respect to the sale and operation of said mill"; "that there was no evidence of any fraud or duress in the execution of said instrument."

The court found that defendants had taken possession of two loads of plaintiff's lumber at the mill site subsequent

to the settlement; hence, the judgment for $245.41 in plaintiff's favor.

The judgment is affirmed.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.