[No. 18-40306-2.   Division Two.   October 16, 1969.]

MILTON E. RANTA et al., *Respondents*, v. ROBERT G. GERMAN et al., *Appellants*, RICHARD F. NIICHEL et al., *Respondents*.

*Colvin & Williams, David J. Williams, John J. Keough,* and *A. Clemens Grady,* for appellants.

*Chamberlin & Johnson* and *G. B. Chamberlin* for respondents.

ARMSTRONG, C. J.—Plaintiff respondents Ranta and Knotek commenced this action by a suit on a promissory note

for the balance due on a real-estate option. Defendant appellants German and Jervis admitted execution of the note in their answer and amended answer, and entered an affirmative defense and counterclaim of fraud in inducing the signing of the note and the payment of $5,000 as a down payment on the real-estate option. In the original answer and counterclaim appellants German and Jervis asked that the complaint be dismissed with prejudice, that they recover judgment for $5,000, and for such other and further relief as the court finds just and equitable. Thereafter appellants amended their answer and counterclaim by joining Richard F. Niichel and Jack Del Guzzi as additional defendants, alleging fraud and conspiracy to defraud in concert with the respondents Ranta and Knotek. The prayer of the amended answer and crossclaim and counterclaim asked that the complaint be dismissed and that they recover from respondents Ranta and Knotek, as well as respondents Del Guzzi and Niichel, "the sum of $5,000.00, that being the sum originally paid for the option herein mentioned and for General Damages in the sum of $100,000.00 together with their costs and disbursements herein." Jack Del Guzzi was later dismissed on motion of the appellants.

Defendant appellants' demand for jury trial was stricken on the ground that they were asking equitable relief. In their appeal they seek a new trial and reinstatement of their demand for a jury trial.

This dispute involves the assignment of an option for the sale of land. Appellant Robert G. German had been a logger, but was currently interested in the purchase of sufficient property to create a shopping center development and sought to acquire the land for that purpose. In selecting property and in preparing for this development he consulted with a realtor and with appellant Howard C. Jervis, who was manager of the local office of the Cascade Industrial Loan Company. Respondents Ranta and Knotek had purchased the option in question for $2,000 and 3 months later, on June 10, 1966, assigned it to appellants for $5,000 cash and a note for $15,000.

Respondent Niichel had acted as attorney for appellant German for a period of several months on a matter not related to the sale of this option. He acted as attorney for respondents Ranta and Knotek in the assignment of the option. The appellants alleged that they thought he was representing them in this transaction. The appellants contended that they were induced to purchase the option for $20,000 by the representation of respondent Niichel that it would have to be purchased immediately or it would be sold to another party the next day. The appellants alleged that there was no such ready sale and that the value of the option was far below the $20,000 purchase price. The appellants maintained that they were the victims of a conspiracy to defraud by respondents and that when the facts of the transaction became known, they lost potential investors in the shopping center enterprise to their great damage.

The trial court found that the appellants had failed to prove fraud on the part of any of the respondents or that there was a conspiracy to defraud by respondents. It affirmatively found that respondent Niichel made no representations to the appellants about the property or its value and found no overreaching or unethical conduct on his part. The trial court entered judgment for respondents Ranta and Knotek and against appellants in the sum of $15,000 with interest, together with $1,000 reasonable attorney's fees. The appellants' counterclaim and crossclaim were dismissed.

The nine assignments of error raise two principal issues. The primary issue was whether the trial court was in error in determining that appellants were not entitled to a jury trial because their counterclaim sought equitable relief. The other issue raised the question of whether fraud was proved by clear, cogent, and convincing evidence.

With respect to the question of whether appellants were entitled to a jury trial, it is the settled law in this jurisdiction that the pleadings must be considered in their entirety. *Millett v. Pacific Cider & Vinegar Co.*, 151 Wash.

561, 276 P. 863 (1929). If any one of the main issues is equitable in nature, equity takes jurisdiction and there is no right to trial by jury. The trial court is accorded a wide discretion in determining whether a case is equitable in nature or an action at law. The trial court's discretion will not be disturbed except for clear abuse. *Coleman v. Highland Lumber, Inc.*, 46 Wn.2d 549, 283 P.2d 123 (1955).

Appellants contend, however, that the answer and cross-complaint were carefully drawn to avoid seeking equitable relief. It is obvious that the amended answer, affirmative defense, and crossclaim do seek damages, but very clearly they seek a dismissal of the action brought on the note they admitted was executed and the return of the $5,000 payment on the option to purchase the property.

The appellants, in effect, were requesting the court to cancel the note, order restitution of the $5,000, and award general damages. This would amount to making rescission and restitution a main issue in their case and would be an equitable remedy.

The court will not be bound by the form of a defendant's answer, but rather by its effect. Even though a defendant does not pray for affirmative equitable relief, if the court decides that that is the actual purport of the answer, there will be no right to a jury. *Crawford & Conover, Inc. v. Traynor*, 147 Wash. 648, 267 P. 39 (1928). We find no abuse of discretion in the determination of the trial court in striking the demand for jury trial.

■ The second question relates to the sufficiency of the evidence on the issue of fraud. *Appellants frankly concede that this was clearly a factual determination.* The evidence and inferences from the evidence were subject to different interpretations as to the ethical responsibilities of the respondent attorney. The trial court was most emphatic in finding no overreaching or wrongdoing in the sale of the option. There is substantial evidence to support the trial court's findings. As stated in *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 575, 343 P.2d 183 (1959): "If we were of the opinion that the trial court should have re-

solved the factual dispute the other way, the constitution does not authorize this court to substitute its findings for that of the trial court."

Respondents request an award of attorney's fees for defending this appeal, but they do not detail the time expended by them in this respect. The promissory note provides the usual agreement to compensate the holder for reasonable attorney's fees and other necessary expenses incurred in its collection.

■ In cases where a note contains contractual provisions for a reasonable attorney's fee, if it is necessary to collect the note, the party suing thereon would be entitled to reasonable attorney's fees on appeal as well as in the trial court. As stated in *Puget Sound Mut. Sav. Bank v. Lillions*, 50 Wn.2d 799, 807, 314 P.2d 935 (1957): "Such a fee is as much a part of the obligation of the contract as any other part." To the same effect is *Corinthian Corp. v. White & Bollard, Inc.*, 74 Wn.2d 50, 64, 442 P.2d 950 (1968).

■ We feel competent to pass upon the reasonableness of the attorney's fee on appeal even though respondents did not detail their services; however, a failure to detail their services may result in a more modest fee than would have been allowed if respondents had expended any unusual amount of effort and so advised this court. A fee of $750 will be allowed together with taxable costs.

The judgment of the trial court is affirmed.

PEARSON and PETRIE, JJ., concur.