[No. 198-2.    Division Two.    March 19, 1970.]

FRITZ SCAVENIUS *et al., Petitioners,* v. MANCHESTER PORT DISTRICT *et al., Respondents.*

*Schultheis, Maddock & Fox* and *James I. Maddock,* for petitioners.

*Beresford & Booth* and *Donald P. Lehne,* for respondents.

ARMSTRONG, C. J.—In this action plaintiffs seek damages and injunctive relief, claiming that defendants have encroached upon their tidelands and created a nuisance by

the construction of a public ramp and dock on adjacent property in Kitsap County. Plaintiffs demanded a jury trial and the case was set as such. Certain defendants moved to strike the jury or in the alternative, for a change of venue to another county. On February 10, 1970, the trial court entered an "Order Granting Motion to Strike Jury and Denying Motion for Change of Venue".

■ Plaintiffs seek a review by certiorari of the order striking the jury trial. This court would normally not entertain such a writ because the remedy by appeal is generally held to be adequate. A major consideration at the appellate level is the orderly and efficient administration of justice by discouraging piecemeal review. RCW 7.16.040 specifies the grounds for granting the extraordinary writ of certiorari. Under the terms of that statute, with its judicial interpretations, certiorari will not lie unless (1) a judicial official acts without or in excess of his jurisdiction, and (2) there is no adequate remedy at law. *See generally* B. Feigenbaum, Interlocutory Appellate Review Via Extraordinary Writ, 36 Wash. L. Rev. 1 (1961), and cases collected therein.

However, it appears that the trial court, in granting defendants' motion to strike the jury, was misled by a decision of this court in *Ranta v. German,* 1 Wn. App. 104, 459 P.2d 961 (1969). Under these circumstances the writ should issue.

In *Ranta* we affirmed the trial court's action in disallowing a jury trial where the defendants demanded a jury trial and at the same time sought in their pleadings primarily equitable relief. Plaintiffs' action in that case sought legal relief, but plaintiffs did not want a jury trial on those legal issues.

Following the prior law announced in *Coleman v. Highland Lumber, Inc.,* 46 Wn.2d 549, 283 P.2d 123 (1955), we held that if one of the main issues was equitable in nature, there was no right to trial by jury on any of the issues presented.

Our decision affirmed a judgment entered December 6, 1967, and, therefore, on its face would indicate that the same rule pertained even though the Supreme Court promulgated CR 38 and 39 effective July 1, 1967, which purport to vest discretion in the trial court as to which issues are triable to a jury where a cause contains both legal and equitable issues.

The trial court in the case at bar assumed that *Ranta* was reaffirming the prior law despite CR 38 and 39 and so stated in its memorandum decision.

Our decision in *Ranta* should have specified, and we do so now for the record, that the demand for jury was filed December 7, 1966, the motion to strike the jury demand was made May 29, 1967, and the order striking the jury was entered June 5, 1967, all prior to the effective date of CR 38 and 39. In *Ranta* none of the parties contended that CR 38 and 39 should be considered.

It seems obvious to us, and CR 38 specifies in subsection (a), that the right of trial by jury as declared in art. 1, section 21 of the constitution is preserved. Neither by court decision nor by court rule, but only by constitutional amendment may such right be taken away.

The right to trial by jury has been held to be the right which existed at the time of the adoption of the constitution. *State ex rel. Mullen v. Doherty*, 16 Wash. 382, 47 P. 958 (1897); *State v. Strasburg*, 60 Wash. 106, 110 P. 1020 (1910); *Garey v. Pasco*, 89 Wash. 382, 154 P. 433 (1916); *Theodore v. Washington Nat'l Inv. Co.*, 164 Wash. 243, 2 P.2d 649 (1931); *Watkins v. Siler Logging Co.*, 9 Wn.2d 703, 116 P.2d 315 (1941).

At the time the constitution was adopted there was no common law right of trial by jury in actions which were considered as equitable in their nature, *Watkins v. Siler Logging Co.* A logical and constitutional progression of that rule, which we adhered to in *Ranta*, was that if a main issue was equitable there was no right of trial by jury on any of the issues presented.

■ We do not think CR 38 and 39 were intended to nor could they constitutionally alter the constitutional right of trial by jury. However, we believe they were intended to grant more discretion in the trial court than *Coleman v. Highland Lumber, Inc., supra,* in allowing some legal issues to be tried to the jury even though one of the parties has raised an equitable issue. We think this discretion has been made desirable, if not necessary, by the new Civil Rules for Superior Court and in particular rules 7 through 25 and rule 42. With liberal joinder rules, third party practice, interpleader actions, etc., lawsuits have become more sophisticated to the point that a defendant, for example, by the simple expedient of joining a third party and asserting equitable relief or perhaps by inviting an equitable defense, could defeat plaintiff's basic right of trial by jury on his action against the defendants were the Coleman rule applied. *See* Trautman, *Right to Jury Trial in Washington—Present and Future,* 34 Wash. L. Rev. 401-17 (1959).

We hold that the only effect of the adoption of CR 38 and 39 is to vest in the trial court wide discretion in cases involving both legal and equitable issues, to allow a jury on some, none, or all issues presented. Subsection (c) of CR 39 allows an advisory jury on equitable issues in the discretion of the trial court.

Such discretion should be exercised with reference to many factors including, but not necessarily limited to the following: (1) who seeks the equitable relief; (2) is the person seeking the equitable relief also demanding trial of the issues to the jury; (3) are the main issues primarily legal or equitable in their nature; (4) do the equitable issues present complexities in the trial which will affect the orderly determination of such issues by a jury; (5) are the equitable and legal issues easily separable; (6) in the exercise of such discretion, great weight should be given to the constitutional right of trial by jury and if the nature of the action is doubtful, a jury trial should be allowed; (7) the trial court should go beyond the pleadings to ascertain the

real issues in dispute before making the determination as to whether or not a jury trial should be granted on all or part of such issues.

The complexities of each case will dictate the exercise of this discretion. We would be unable to say as a matter of law that the trial court's action in this case in denying a jury trial on all issues was an abuse of discretion.

However, since it appears that the trial court concluded that *Ranta* compelled the denial of a jury trial on all issues, we believe the trial court should have the opportunity of exercising the discretion allowed by CR 38 and 39.

Accordingly, the order striking the jury trial is reversed for reconsideration of defendants' motion to strike the jury demand in light of this opinion. We want to make it clear that we are not suggesting how the discretion should be exercised since our exposure to the complexities of the litigation is limited.

The writ of certiorari will issue.

PEARSON and PETRIE, JJ., concur.