[No. 8930–7–I.   Division One.   December 15, 1980.]

WHATCOM COUNTY, *Plaintiff,* THE STATE OF WASHINGTON,
*on the Relation of Robert V. Graham, Appellant,*
v. BERNARD JOHN REYNOLDS, ET AL,
*Respondents.*

*Slade Gorton, Attorney General, Chip Holcomb, Assistant, David McEachran, Prosecuting Attorney,* and *Gene R. Moses, Deputy,* for appellant.

*McCush, Kingsbury & O'Connor* and *Craig Hayes,* for respondents.

JAMES, J.—The State of Washington, intervenor–plaintiff, appeals the trial judge's failure to impose liability for extraordinary costs incurred in auditing the office of

defendant, Bernard Reynolds, the Whatcom County Sheriff. Reynolds cross–appeals, contending the trial judge erred in refusing his demand for a jury trial. We affirm.

The action arises out of the State Auditor's examination of Whatcom County. During the course of a routine audit of the sheriff's office, the State Auditor's personnel determined that the unusual procedure of conducting a physical inventory was necessary. Because the State Auditor elected to perform this physical inventory, Whatcom County incurred extraordinary audit expenses of $12,398.84. Although the trial judge determined that Reynolds had failed to properly account for money and property received by the sheriff's department, he concluded that because Reynolds had not engaged in any active misconduct, the extraordinary audit expenses were not recoverable.

We first consider Reynolds' claim that the trial judge erred in refusing to impanel a jury. He argues that because the cause of action in this case was one for monetary damages, his right to a jury trial was constitutionally guaranteed. Const. art. 1, § 21. *See Cox v. Charles Wright Academy, Inc.,* 70 Wn.2d 173, 422 P.2d 515 (1967). We do not agree.

■ Our Supreme Court recently considered this precise issue. Recognizing that modern practice often results in a mix of legal and equitable issues, the court concluded that a trial judge has wide discretion in determining whether to impanel a jury in a case involving equitable issues. The court stated:

> In determining whether a case is primarily equitable in nature or is an action at law, the trial court is accorded wide discretion, the exercise of which will not be disturbed except for clear abuse. . . . This discretion should be exercised with reference to a variety of factors including, but not necessarily limited to, the following factors set forth in *Scavenius [v. Manchester Port Dist.,* 2 Wn. App. 126, 467 P.2d 372 (1970)] at pages 129–30:
> (1) who seeks the equitable relief; (2) is the person seeking the equitable relief also demanding trial of the issues to the jury; (3) are the main issues primarily

legal or equitable in their nature; (4) do the equitable issues present complexities in the trial which will affect the orderly determination of such issues by a jury; (5) are the equitable and legal issues easily separable; (6) in the exercise of such discretion, great weight should be given to the constitutional right of trial by jury and if the nature of the action is doubtful, a jury trial should be allowed; (7) the trial court should go beyond the pleadings to ascertain the real issues in dispute before making the determination as to whether or not a jury trial should be granted on all or part of such issues.

(Citations omitted.) *Brown v. Safeway Stores, Inc.,* 94 Wn.2d 359, 368, 617 P.2d 704 (1980).

■ We conclude the trial judge did not abuse his discretion in denying Reynolds' motion for a jury trial. The pleadings establish that the claim arises out of Reynolds' alleged breach of a public trust. His obligations are of a fiduciary character. The pleadings also seek to impose a constructive trust on the property and funds of Reynolds. The complaint seeks an accounting from Reynolds for property and funds lost through the breach of his fiduciary duties. Finally, Reynolds, the party seeking a jury trial, invoked the equitable doctrine of laches as a defense to the claim. Actions involving fiduciary relationships that seek accountings and imposition of constructive trusts are invariably equitable. "All cases involving trusts, regardless of whether the trust be express or *ex maleficio,* are exclusively within the jurisdiction of equity." *Dexter Horton Bldg. Co. v. King County,* 10 Wn.2d 186, 191, 116 P.2d 507 (1941). The trial judge did not err.

■ Because the trial judge correctly determined that equity had jurisdiction and Reynolds' demand for a jury trial was inappropriate, he had wide discretion in forming the relief to suit the equities of both parties. *Zastrow v. W.G. Platts, Inc.,* 57 Wn.2d 347, 357 P.2d 162 (1960).

Having before it at the outset a cause cognizable in equity, the court retained jurisdiction over the subject matter and the parties to be affected by its decree for all

purposes—to administer justice among the parties according to law or equity. *Yount v. Indianola Beach Estates, Inc.,* 63 Wn.2d 519, 524-25, 387 P.2d 975 (1964). *See also* 27 Am. Jur. 2d *Equity* § 103 (1966). The trial judge, after examining Reynolds' performance as Whatcom County Sheriff, concluded that it would be inequitable to hold Reynolds liable for the extraordinary audit costs absent any willful misconduct. The State, having properly invoked equitable jurisdiction, has failed to show that the trial judge abused his broad equitable powers in forming the appropriate relief. Here, as in *Yount,* the trial court did not abuse its discretion in formulating "a remedy consonant with its equitable powers to do justice to all parties." *Yount v. Indianola Beach Estates, Inc., supra* at 525-26.

Affirmed.

CALLOW, C.J., and RINGOLD, J., concur.