[No. 9896-9-I. Division One. July 27, 1981.]

S.P.C.S., INC., ET AL, *Petitioners,* v. LOCKHEED SHIPBUILDING AND CONSTRUCTION COMPANY, *Respondent,* AMERICAN FIDELITY FIRE INSURANCE COMPANY, *Petitioner.*

*Helsell, Fetterman, Martin, Todd & Hokanson, Nick S. Verwolf,* and *Charles R. Ekberg,* for petitioners.

*Beresford, Booth & Baronsky* and *Ronald J. Trompeter,* for respondent.

SWANSON, J.—Petitioners S.P.C.S., Inc. (SPCS), Metro Construction, Inc./S.P.C.S., Inc. (Metro) and American Fidelity Fire Insurance Co. (American) sought review of a pretrial order striking their demand for a jury trial. We granted discretionary review and set the case for an accelerated hearing.

The facts of the case are not in dispute. SPCS[1] contracted with Lockheed Shipbuilding and Construction Company (LSCC) to apply an epoxy coating to some of the interior tanks of two submarine tenders being constructed for the United States Navy. American, as bonding agent, guaranteed SPCS's performance. Disputes arose concerning the contracts. SPCS claimed that preparatory work done by LSCC was improperly accomplished and misrepresented. As a result SPCS was required to redo this portion of the job. SPCS further claimed that LSCC made an unauthorized change in the specifications regarding coating thickness and that SPCS incurred additional costs in complying with the change. SPCS finally claimed that LSCC improperly terminated portions of the contracts and impeded its performance on other parts. SPCS filed suit and sought a determination of whether preexisting conditions and specification changes were covered by the contract and whether it was entitled to additional payment for excess work. SPCS also sought damages for breach of contract and loss of profits.

LSCC claimed that SPCS failed to perform work on schedule and abandoned work on several of the tanks. LSCC further alleged that the specification change was minor, authorized by the contract, and should have required no extra work to implement. LSCC sought damages for breach and payment for the work it was required to do when SPCS failed to complete its performance. LSCC relies on a contract provision allowing it to finish the work in the event of a breach and bill the breaching party for costs. LSCC also asserted a claim against American in its capacity as the bonding agent.

Suit was commenced in April 1979. On August 1, 1979, SPCS demanded a jury trial. The timeliness and sufficiency of the demand is not in dispute. The case was preassigned, and trial was eventually set for March 2, 1981. On February 17, 1981, LSCC's motion to strike the jury demand was

---

[1] For convenience, SPCS will be referred to as if it were the sole petitioner.

granted. SPCS immediately sought review.

In the order striking the jury demand, the trial court held as follows:

> The court finds that the plaintiff is the party seeking equitable relief and is also the party demanding trial by jury. The court further finds that the main issues in the case are primarily equitable in nature in that an accounting is sought. The court finds that the equitable issues would present complexities in the trial which would affect the orderly determination of such issues by a jury. This is because the contracts call for coating over 100 tanks on two vessels, and resulting claims seek compensation for many different types of work on various tanks. This is also because hundreds, perhaps a thousand documents will be introduced as exhibits in the case in support or in opposition to the respective contentions of the parties. The court further finds that equitable and legal issues are not easily separable.
>
> The court therefore concludes that in this case a right of trial by jury does not exist under the constitution of this State. In making this ruling the court has gone beyond the pleadings to ascertain the real issues in dispute between the parties. The contentions of the parties and the nature of proof expected have been the subject of discussion in two pretrial hearings.

The issue thus presented is whether under the facts of this case the trial court acted within its discretion in striking a jury demand.

██ The Washington State Constitution, article 1, section 21 provides that the right to a jury trial shall remain inviolate. This provision has been consistently interpreted as guaranteeing those rights which existed at the time of the adoption of the constitution. *In re Marriage of Firchau*, 88 Wn.2d 109, 558 P.2d 194 (1977). Accordingly, there is a right to a jury trial where a civil action is purely legal in nature and no such right where the action is purely equitable. *Peters v. Dulien Steel Prods., Inc.*, 39 Wn.2d 889, 239 P.2d 1055 (1952); *Dexter Horton Bldg. Co. v. King County*, 10 Wn.2d 186, 116 P.2d 507 (1941). The overall nature of the action is determined by considering all the issues raised by all the pleadings. *Seattle v. Pacific States*

*Lumber Co.,* 166 Wash. 517, 7 P.2d 967 (1932). Liberal joinder rules, third party practice, interpleader actions, and other factors have made such determinations difficult, *see* Trautman, *Right to Jury Trial in Washington—Present and Future,* 34 Wash. L. Rev. 401–17 (1959), and in cases involving both legal and equitable issues the trial court has been vested with wide discretion to allow a jury on some, none, or all issues. *Scavenius v. Manchester Port Dist.,* 2 Wn. App. 126, 467 P.2d 372 (1970); *Batten v. Abrams,* 28 Wn. App. 737, 626 P.2d 984 (1981).

The distinction between actions of law and equity is based on the nature of the action and not the form of the action. *See Conaway v. Co–Operative Homebuilders,* 65 Wash. 39, 117 P. 716 (1911). Thus, even if the action is one for money damages, it may be primarily equitable in nature. *Ranta v. German,* 1 Wn. App. 104, 459 P.2d 961 (1969). However, equity will not act if there is a complete and adequate remedy at law. *Roon v. King County,* 24 Wn.2d 519, 166 P.2d 165 (1946). The trial court is allowed to go beyond the pleadings to ascertain the real issues in dispute before making the determination as to whether or not a jury trial should be granted. *Scavenius v. Manchester Port Dist., supra.*

If the nature of a case is doubtful, deference should be given to the constitutional nature of the right and a jury trial should be allowed. *Brown v. Safeway Stores, Inc.,* 94 Wn.2d 359, 617 P.2d 704 (1980).

 The court has been called upon to construe a contract, determine if a breach has occurred, and determine what damages, if any, flow therefrom. It is well settled that these are legal issues. *Durand v. Heney,* 33 Wash. 38, 73 P. 775 (1903).

> If the cause . . . is strictly legal . . ., the fact that matters in the nature of an accounting may be incidentally involved in connection with the computation of damages, does not change an action at law into an equitable accounting.

*Watkins v. Siler Logging Co.,* 9 Wn.2d 703, 711–12, 116

P.2d 315 (1941).

We cannot agree that whatever accounting is required in this case has made it cognizable solely in equity. The main issues are legal. In concluding otherwise and basing his decision to strike the jury on that conclusion, the trial judge exercised his discretion for untenable reasons and must be reversed. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 482 P.2d 775 (1971).

LSCC urges that we consider complexity alone a sufficient reason for denying a trial by jury. *In re Boise Cascade Sec. Litigation,* 420 F. Supp. 99 (W.D. Wash. 1976); *In re Japanese Elec. Prods. Antitrust Litigation,* 631 F.2d 1069 (3d Cir. 1980); *Lindley v. McGlauflin,* 57 Wash. 581, 107 P. 355 (1910).

We note initially that the complexity presented here does not begin to approach that presented in national securities litigation or international antitrust litigation. Moreover, the comments in *Lindley* which support LSCC's position are dicta. Later cases have specifically rejected the same argument.

A trial by jury cannot be denied merely because the questions of fact are complicated or involve figures which are difficult to carry in mind. If the action is one purely legal in essence and nature, the parties have a right to a trial by jury.

*Peters,* at 891.

LSCC also urges that we consider *Garey v. Pasco,* 89 Wash. 382, 154 P. 433 (1916), as a case presenting nearly identical facts where the result was an affirmance of the decision to strike the jury demand. There the court concluded that an accounting was required. On the facts of this case, we find no such accounting and therefore find *Garey* inapposite.

We note finally that the trial court, in its discretion, may address LSCC's concerns over the complexity of the computations. The power to try some issues to the jury and some to the court, *Brown v. Safeway Stores, Inc., supra,* or to appoint a master to aid in difficult computations, RCW

4.48.020, allows the trial judge to fashion a procedure suitable for a just resolution.

Reversed and remanded with instructions to reinstate petitioner's jury demand.

RINGOLD, A.C.J., AND CORBETT, J., concur.

Reconsideration denied August 20, 1981.

Review denied by Supreme Court November 20, 1981.