[No. 8292–0–III.  Division Three.  January 7, 1988.]

FRED BAINTER, ET AL, *Appellants,* v. UNITED PACIFIC INSURANCE COMPANY, ET AL, *Respondents.*

§ 454, § 567 caveat (1944). Easements in gross do not survive a tax sale. Restatement § 509(1).

*Aaron Horowitz,* for appellants.

*John Junke* and *McAdams, Ponti & Junke,* for respondents.

THOMPSON, A.C.J.—Fred and Kim Bainter appeal the trial court's order confirming an appraisal award, and the court's refusal to allow a jury to determine certain issues of fact. We affirm.

On November 27, 1984, a large tree fell on the Bainters' home. The Bainters moved to a rental home in town. Their homeowners policy issued by United Pacific Insurance Company provided coverage for such a loss.

In December 1984, their insurance agent asked a local contractor, Mr. Delp, to estimate the cost of repair. The contractor felt the home was a total loss and estimated damage at $73,635.82. United Pacific decided to get another bid. A representative of Delta Construction Company, after looking at the damage, submitted a repair cost estimate of $11,627.87 on January 16, 1985.

In May 1985, United Pacific tendered a check for $11,627.87 to the Bainters based on Delta Construction's bid. The tender was rejected in July 1985. In September 1985 United Pacific invoked the appraisal clause of the policy. That provision stated:

Appraisal. If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent

appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

In compliance with this clause, the Bainters nominated Jack McHargue, a local building contractor, and United Pacific nominated an appraiser, Richard B. Hopp. A short time later, the Bainters filed this action for breach of contract and for Consumer Protection Act violations.[1]

Thereafter, Mr. Hopp and Mr. McHargue viewed the damage at the home and discussed an appraisal. Mr. Hopp wrote letters to Mr. McHargue about the appraisal and some disagreements they were having. Mr. Hopp finally submitted his appraisal to United Pacific in the amount of $13,824.53. Mr. McHargue submitted an estimate of $26,300.

When it became apparent the two appraisers could not reach agreement, the court appointed Thomas Cochran, a Spokane attorney, as umpire. Eventually, Mr. Hopp and Mr. Cochran agreed to an appraisal award of $15,278.22 for damage to the Bainters' home. Mr. McHargue did not agree. Mr. Hopp and Mr. Cochran also agreed to an award under a clause of the policy providing for living expenses when an insured's home is rendered uninhabitable. They

---

[1]This appeal does not involve the Bainters' Consumer Protection Act claim.

agreed to a $2,206.03 award for the 3 months they determined was a reasonable time to allow the living expenses.

The Bainters moved to vacate the appraisal award, contending it was grossly disproportionate to the damage sustained, and alleging unfairness, bias, lack of impartiality, and unethical conduct on the part of Mr. Hopp and Mr. Cochran. A jury demand was filed, and the Bainters requested that issues of fact regarding unfairness and bias, etc., be tried to the jury. United Pacific moved for an order confirming the appraisal award. The court allowed the Bainters 90 days to take depositions and gather evidence supporting their allegations of unfairness and bias. Five depositions were taken on July 18, 1986, and were published and considered by the trial court. After considering all the evidence in the record, the court granted United Pacific's motion, confirming the appraisal award, finding it was "objectively, professionally, and fairly reached". The Bainters appeal, contending they were improperly denied a jury trial on issues of fact regarding their claim the award was inadequate and improperly arrived at.

The first issue is whether the Bainters have a right to have a jury determine issues they claim exist with regard to whether the appraisal award was fair and honest. In a civil action, the constitutional right to a jury trial, contained in article 1, section 21 of the Washington State Constitution, shall remain inviolate if the action was triable to a jury when the constitution was adopted. *In re Marriage of Firchau*, 88 Wn.2d 109, 558 P.2d 194 (1977). Where an action involves purely legal issues as distinguished from purely equitable issues, it should go to a jury where one is properly demanded. *Allard v. Pacific Nat'l Bank*, 99 Wn.2d 394, 399, 663 P.2d 104 (1983); *State ex rel. Department of Ecology v. Anderson*, 94 Wn.2d 727, 620 P.2d 76 (1980); *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 365, 617 P.2d 704 (1980); *S.P.C.S., Inc. v. Lockheed Shipbuilding & Constr. Co.*, 29 Wn. App. 930, 631 P.2d 999 (1981). Additionally, RCW 4.44.090 requires that questions of fact, other than

those pertaining to the admission of evidence, be determined by a jury where the case is tried to a jury.

The Bainters contend the trial court ignored these principles and improperly decided factual issues. United Pacific makes no contention that this case involved equitable issues. Nor is there any contention the action is one which was not triable to a jury prior to the adoption of the state constitution. United Pacific relies on the general rule that when an appraisal clause in an insurance policy is invoked, the award is conclusive as to the amount of loss. 14 G. Couch, *Insurance* § 50:55, at 205 (2d ed. 1982). For this reason, it contends the trial court properly upheld the award. However, where the fairness of the appraisal process is questioned by the insured, through allegations of bias, prejudice, or lack of disinterestedness on the part of either an appraiser or the umpire, factual issues properly reserved for jury determination may arise.

For example, in *McLaughlin v. Orient Ins. Co.*, 138 Wash. 82, 244 P. 254 (1926), an appraisal clause essentially the same as the one contained in the Bainters' homeowners policy was invoked to determine the amount of loss by fire. The insureds in that case made the same contentions of lack of impartiality. The award arrived at by the umpire and the insurance company's nominated appraiser was substantially less than that recommended by the plaintiff's appraiser. On appeal, the court agreed it was proper to submit the case to the jury despite a contention by the insurance company that the trial court should have upheld the award as a matter of law. There was substantial evidence supporting the insureds' allegations.

*Gouin v. Northwestern Nat'l Ins. Co.*, 145 Wash. 199, 259 P. 387 (1927), while relying upon the general rule as to the binding nature of appraisal awards in upholding the award, also mentioned no evidence was presented there that the award had been unfairly or dishonestly made. Also, in *Glover v. Rochester–German Ins. Co.*, 11 Wash. 143, 39 P.

380 (1895) the court upheld a jury award which set aside an appraisal award in a case where bias and prejudice were also alleged.

■■ Cases from other jurisdictions also support submitting the question of bias, prejudice, or disinterest on the part of an appraiser, arbitrator, or umpire to a jury when insureds challenge an appraisal or arbitration award on that basis and present evidence supporting their allegations. *See Pennsylvania Fire Ins. Co. v. Estate of Waggoner,* 41 S.W.2d 340 (Tex. Civ. App. 1929), *aff'd,* 39 S.W.2d 593 (Tex. Comm'n App. 1931); *Mizrahi v. National Ben Franklin Fire Ins. Co.,* 37 N.Y.S.2d 698 (City Ct. 1942); *see generally* Annot., *Setting Aside Arbitration Award on Ground of Interest or Bias of Arbitrators,* 56 A.L.R.3d 697 (1974). Nevertheless, the Bainters failed to produce any evidence supporting their allegations. Thus, as in *Gouin v. Northwestern Nat'l Ins. Co.,' supra,* the trial court properly applied the general rule as to the conclusiveness of an appraisal award.

The trial court may decide an issue of fact as a matter of law when the evidence is conclusive on the issue so that reasonable minds could reach but one conclusion. *Sweek v. Metropolitan Seattle,* 45 Wn. App. 479, 482, 726 P.2d 37 (1986). *See also Hartley v. State,* 103 Wn.2d 768, 775, 698 P.2d 77 (1985); *Rounds v. Union Bankers Ins. Co.,* 22 Wn. App. 613, 617, 590 P.2d 1286 (1979). Here, after a review of the depositions and evidence, we find no evidence of unfairness, bias, partiality or unethical conduct was presented to the trial court. There was no error.

The Bainters' remaining issue concerns whether the amount of the award for living expenses was adequate, under a clause of the policy providing for payment "for the shortest time required to repair or replace the premises". Their dispute with United Pacific concerns the umpire and appraiser's factual determination. Because no unfairness

248

was shown, this part of the award was also conclusive as to the amount of loss.[2]

We affirm the trial court in all respects.

GREEN and MUNSON, JJ., concur.

Reconsideration denied February 3, 1988.

Review denied by Supreme Court May 4, 1988.

---

[2]During oral argument the Bainters' attorney informed the court that the bank has foreclosed on his clients' home. Neither party has raised an issue regarding the legal effect of the foreclosure on the Bainters' claim. However, we feel compelled to comment that the protracted and costly chain of events that have resulted in this outcome do not speak very highly of our ability to settle disputes without enormous and unnecessary expense.